Per Curiam.
The better construction of the act of the 5th of April, 1810, is, that the omission to record the assignment only rendered it void, as against bona fide purchasers, or mortgagce$, `without notice. None of the registering acts have been considered as destroying the conveyance, as between the parties to it, from the omission to record it. The record was only intended for the benefit of purchasers and creditors. It could be of no other use. and the act of 1811, which repeals the act of 1810, and makes a new provision for the case of leases at the salt springs, de= dares that transfers not recorded should be deemed fraudulent and void as against bona fide purchasers. This may be considered as a more full and clear explanation of the provision in the former act; and as the defendant in this case sets up no title, nor pretends to any purchase, he ought not to be permitted to set up the want of a registry to defeat the plaintiff’s title. Fraudulent conveyances are declared by the statute 27 Elis, to be void ; yet a title derived through them will, in many cases, be supported. (Ante, 197.) The courts are to construe the act not so literally as to work injustice, but so liberally as to prevent the mischief and advance the remedy-.
Judgment for the plaintiff.