MONEY <em>against</em> TOBIAS.

A justice cannot, on his own knowledge, issue a warrant, at the suit of a non-resident plaintiff, without oath. A written request to the justice, to let the plaintiff have a warrant, and that the party subscribing would be answerable for the cost, is not such security as is required by the statute to authorize the issuing a warrant, at the suit of a non-resident plaintiff.

IN ERROR, on *certiorari* to a justice's court.

*Money,* the defendant below, was sued by warrant; and, when brought before the justice, he inquired whether the plaintiff had made the oath required upon issuing a warrant, according to the statute. The justice answered, that he had not, but that he was satisfied that the plaintiff was a non-resident, without any oath of that fact. The defendant then moved for a nonsuit for that cause, which was overruled. The defendant then objected, that the warrant had been issued in favour of a person claiming to be a non-resident, without giving security according to the statute, and moved for a nonsuit on that ground. The justice said that bail had been given, and produced a paper, on which was written as follows: " Mr. *Brock*—Please let Mr. *Tobias* have a warrant, and I will be answerable for the cost. *John Holly.*" The defendant objected to this, as insufficient security, but the justice decided that it was legal and sufficient. Issue was joined, a trial had, and judgment given for the plaintiff.

*Per Curiam.* The statute is express and imperative, that, in case of a non-resident plaintiff suing by warrant, the fact of non-residence shall be sworn to by the party applying for the warrant; and, also, that a non-resident plaintiff, suing by warrant, shall give security *for the payment of any sum which may be adjudged against him,* as a condition of his right of suing by warrant. (See act, s. 4., with the proviso, vol. 1. 388-9.)

The justice had no right to dispense with the oath, under pretence that he was satisfied of the fact without oath; (4 *Johns. Rep.* 228.;) and it is equally clear, that the written memorandum of *Holly* was not such security as the statute requires. It was a promise to pay the cost of a warrant, without specifying in what suit. The statute requires security, *not merely for costs,* but " for any sum which may be adjudged against the plaintiff."

Besides, the defendant below was unfairly surprised upon the trial, by a very special claim, which the plaintiff did not disclose until the defendant had pleaded, and several witnesses had been examined; and which, if it had been stated in proper season, might have induced the defendant to ask for an adjournment, or for a jury. The judgment ought to be reversed.