1823.

## W. HENRY *against* DAVIS and CLARK.

A conveyance of real estate, intended merely as security for a debt, though absolute on the face of it, is a mortgage; and any agreement, on a subsequent event, to change its nature, and prevent the equity of redemption, is void.

*H.*, having a bond and mortgage executed to him by *D.* for 1065 dollars, assigned them over to *C.*, for securing the payment of 225 dollars. The assignment was absolute; but *C.* gave *H.* a writing, promising to re-assign the bond and mortgage to him, on his paying the 225 dollars, with interest, on a day specified. Notice of this assignment, and of its being intended as a security merely for 225 dollars, was given to *D.*, and that he must pay no more to *C.* *D.* and *C.*, afterwards, settled and cancelled the mortgage, on *D.*'s paying part of the money, and giving to *C.* new security for the residue. Held, that the cancelling of the mortgage was fraudulent, and *C.* was decreed to pay the balance, after deducting the 225 dollars and interest, to *H.*

*January* 22d.   THE bill stated, that the defendant, *D.*, executed to the plaintiff, on the 8th of *February*, 1809, a bond and mortgage, to secure the payment of 1065 dollars and 3 cents, on the 1st of *June*, 1821, with interest. That on the 16th of *February*, 1820, the plaintiff, being indebted to the defendant *C.*, in 225 dollars, assigned over the bond and mortgage, by way of pledge or security for the payment of the last sum, to the defendant, *C.*, on the 1st of *October*, 1820. The assignment was absolute in terms; but it was the agreement of the parties, that the assignment was to be considered by way of mortgage; and the defendant, *C.*, gave to the plaintiff a certificate in writing, to re-assign the bond and mortgage, on being paid the 225 dollars, on the day specified. That shortly after the 1st of *October*, 1820, the plaintiff tendered to the defendant, *C.*, the 225 dollars and interest, and requested him to accept of the same, and re-deliver the bond and mortgage, which was refused; and the defendant, *C.*, claimed the bond and mortgage, as

absolutely his own. That shortly after this, and before any payment by the defendant *D.* to the defendant *C.,* the plaintiff gave notice to the defendant *D.*, that the bond and mortgage had been assigned to *C.* as security only, as above stated; and that he must not pay to *C.* any more than the debt for which the same were pledged. That the two defendants, afterwards, entered into a corrupt and fraudulent agreement, to have the mortgage cancelled and discharged; and this was accordingly done by *C.* on the 28th of *May,* 1821. *Prayer,* that the defendant, *C.,* may account for what he has received, and re-assign the bond and mortgage; and that the mortgage be foreclosed, and for general relief.

The defendants, in their answer, stated, that the assignment of the bond and mortgage to *C.*, was an absolute sale and transfer, in satisfaction of the debt for 225 dollars. That the defendant, *C.*, agreed to re-assign the bond and mortgage to the plaintiff, on his paying the 225 dollars, on the first of *October*, 1820; and he gave to the plaintiff a writing to sell the bond and mortgage to him, on his paying that sum on that day; and if not then paid, the agreement to re-sell was to be void. They admitted the offer, before the 21st of *February*, 1821, of the plaintiff, to pay the 225 dollars, and his tender in specie on that day, and the refusal of *C.* to accept. The defendant, *D.*, said, that he was not forbidden by the plaintiff to pay the bond and mortgage to *C.*, until the 31st of *May*, 1821, and that he had then already paid the mortgage to *C.*, who had discharged it of record. That *D.*, on the 28th of *May*, 1821, transferred to *C.* two notes, which he held against one *Coe*, amounting to 363 dollars, or thereabouts, and gave *C.* a new bond and mortgage on other lands, for 915 dollars, payable by instalments, on the 1st of *June*, 1822 and 1823, in satisfaction of the bond and mortgage, and which are still held by the defendant, *C.*

1823.

HENRY
v.
DAVIS.

The *cause was put at issue, and several witnesses ex*-*amined on each side,* not materially differing from the admissions in the pleadings.  But it was proved, that notice of the claim of the plaintiff upon *D.*, for the amount of the bond and mortgage, after deducting payments, if any, to *C.*, not exceeding 225 dollars, was given to *D.* in *April*, 1821, before the settlement between the two defendants; and certain confessions were mentioned of the defendant, *C.*, before *October*, 1820, that he held the mortgage as a security for a debt; and certain acknowledgments of the plaintiff were also mentioned, that he had sold the mortgage to *C.*, and got his payment in full satisfaction; and that *C.* took the mortgage at his own risk; but that *C.* gave the plaintiff a writing to sell the mortgage back again, on being paid a certain sum by a certain day.

*Howell*, for the plaintiff.

*Tracy*, for the defendants.

THE CHANCELLOR.   It is clearly established, by the answer and the proofs, that the bond and mortgage were assigned by the plaintiff to the defendant *C.*, by way of mortgage, to secure the payment of 225 dollars by a given day; *and any agreement that the assignment was to be an absolute sale, without redemption,* upon default of payment on the day, was unconscientious, oppressive, illegal, and void.  The equity of redemption still existed in the plaintiff, notwithstanding any such agreement.  There is no principle in equity better settled, than that every contract for the security of a debt, by the conveyance of real estate, is a mortgage; and all agreements of the parties, tending to alter, in any subsequent event, the original nature of the mortgage, and prevent the equity of redemption, is void.  If the conveyance, or assignment, was a mortgage in the beginning, the right of redemption is an

inseparable incident, and cannot be restrained or clogged by agreement. Though the conveyance be absolute in terms, yet if the intention appears to make it a redeemable estate, it will continue so until foreclosure; for the maxim of equity is, that an estate cannot be a mortgage at one time, and an absolute purchase at another. This is an elementary rule on this subject, and the object of it is, to prevent imposition and fraud upon the mortgagor.

The original design of the assignment in this case, being admitted to be by way of pledge, or mortgage, for a debt, and this design being contained in a collateral instrument, executed concurrently by the defendant, *C.*, it seems to put an end to all question as to the right of redemption. And upon a tender of the 225 dollars, with interest, in *February*, 1821, the plaintiff was entitled to a re-assignment of the bond and mortgage; and any payment and discharge of the mortgage afterwards, by negotiation between the two defendants, was fraudulent and void, as respected the plaintiff. It is satisfactorily shown, that the defendant, *D.*, had notice of the plaintiff's claim upon the bond and mortgage, prior to that negotiation and settlement, between him and the defendant, *C.*, and the same were made at his peril, and in his own wrong. It was, according to my judgment upon the facts, a fraudulent combination between the two defendants, to deprive the plaintiff of his rights.

The plaintiff has been treated by the defendant with great injustice; and it is incredible that he should have agreed to sell, absolutely, a bond and mortgage well secured, (for nothing appears to gainsay this presumption,) for upwards of 1000 dollars, for the grossly inadequate sum of 225 dollars. The right of redemption rests, in this case, upon the most obvious principles of equity. It is just and proper, that *C.* should pay the balance due to the plaintiff, since he has appropriated the bond and mortgage to his own use, and discharged the same, after receiving payment of

1823.

HENRY
v.
DAVIS.

the plaintiff, and taking new security on new terms for the residue.

I shall, accordingly, decree, that the defendants, or one of them, pay to the plaintiff the balance of the bond and mortgage, (after deducting the 225 dollars, and interest thereon, from the 1st of *October*, 1820, to the 20th of *February*, 1821,) and the costs of this suit, within thirty days after the balance shall have been ascertained by a Master, and notice thereof, and of this decree; or that the plaintiff have execution against the goods and chattels, lands and tenements of the defendant, *C.*; and that the mortgaged premises be held chargeable for the same debt and costs, and be sold by a Master, on the usual terms, to pay what part of the said balance (if any) shall remain uncollected from *C.*

Decree accordingly.