JACKSON, *ex dem.* Ten Eyck and wife, *against* RICHARDS.

EJECTMENT for a part of land called tract H., *Massena*, *St. Lawrence* county ; tried at the circuit in that county, *February 9th*, 1826, before WALWORTH, C. Judge.

At the trial, the plaintiffs having deduced a regular title to one undivided half of the premises in question, to *Ann*, wife of *Ten Eyck*, who are the lessors of the plaintiff, by descent from *Ann's*, the wife's father, *M. Vischer*, who died in 1793, rested.

The defendant, to show title out of the plaintiff, gave in evidence a conveyance of the premises in question, (among other land,) from *Ann*, while sole, and her co-heir, *Sebastian Vischer*, to their mother, *Lydia Vischer*, in fee, dated *March 13th*, 1800. This proof was by an exemplified copy of the conveyance from the secretary's office.

In answer to this, the plaintiff's counsel read in evidence an instrument dated *October 12th*, 1824, which was attached to the conveyance from *Ann* and *Sebastian Vischer*, and executed by their mother ; by which she certified, that the conveyance from *Ann* and *Sebastian Vischer* was never executed and delivered to her, or agreed to be executed and delivered to her, by the grantors, or either of them ; and that she never had seen, or had the possession of it, or done any act signifying her assent to take the estate conveyed by it. And she thereby declared her dissent ; and that the conveyance was, as to her, her heirs, &c. inoperative and void ; and that the land conveyed by it was vested in *Ann* and *Sebastian Vischer*. This instrument was acknowledged the 12*th*, and recorded in the secretary's office the 14*th* of *October*, 1824, in the usual form of acknowledging and recording deeds of land.

It is essential to the validity of a deed, that it should be delivered and accepted. But the fact of non-acceptance cannot be shown by the written declaration of the grantee ; especially where third persons are interested in maintaining or defeating the deed. It must be proved, like any other fact, by disinterested witnesses under oath.

It is essential to a valid disclaimer, that the case be such that the estate or thing disclaimed would pass or vest, but for the disclaimer ; unless it be made an express condition of the grant, that the grantee shall elect.

This proposition illustrated by the cases.

A disclaimer may be by record ; and sometimes by deed or *in pais*.

Where a conveyance of land is drawn and sealed, but not delivered, it is void ; and not a case for disclaimer on the part of the grantee.

A written disclaimer, therefore, in such case, being put on that ground, not affecting the title to lands in any way, is not an instrument which can be acknowledged, or proved, and recorded, within the registry act, (1 *R. L.* 369.)

Where a large tract of land is divided into lots, the possession of one lot adversely will not create a constructive adverse possession of other parts of the tract.

ALBANY,
Feb. 1827.

Jackson
v.
Richards.

was read without proof of its execution, otherwise than by the acknowledgment and recording.

The admission of this deed was objected to by the defendant's counsel, on the ground that it was not an instrument proper to be acknowledged and recorded ; and was inoperative as a deed ; but it was received by the judge, by consent, subject to the opinion of this court.

Verdict for the plaintiff, subject to the opinion of this court.

The judge also decided a point of adverse possession, which was not discussed on the argument ; but which will be found mentioned at the close of the opinion of the court.

*J. V. Henry*, for the plaintiff. The exemplification of the conveyance from the secretary's office was mere *prima facie* evidence, liable to be opposed by the disclaimer, or dissent of the grantee. An exemplification of the disclaimer was admissible. Every deed, conveyance or writing concerning real estate, may be proved and recorded ; and then becomes evidence of itself. The grantee had a right to dissent ; and the writing is evidence of the fact that she did dissent. He cited 4 *John. Rep.* 161 ; 1 *John. Cas.* 114, 116 ; *Shep. Touch.* 58, 68 ; 8 *Vin.* 487, 488, *Disagreement* (*A.*) *pl.* 2, 10 ; *id.* 489, *pl.* 18 ; *id.* 490, *pl.* 23 ; *Moore*, 300 ; 4 *Cruis.* 529, *Tit.* 32, *Deed, ch.* 22, *s.* 1 ; 22 *Vin.* 529, *Waiver,* (*A.*) *pl.* 4.

*P. S. Parker*, contra, cited 10 *John.* 456 ; 6 *id.* 149 ; 20 *John.* 187 ; 3 *Rep.* 26 ; 4 *Cruis.* 367, *Tit. Deed* ; 2 *Rep.* 60, 61.

He strenuously contended, that the paper set up as a disclaimer, was a mere memorandum ; and could not be received as testimony, any more than a written statement from a stranger ; that *Lydia Vischer* was a competent witness, and should have been sworn.

*Curia, per* SUTHERLAND, J. The material question in this case is, as to the admissibility and effect of what is called *the disclaimer of Lydia Vischer, of the* 12*th of*

*October*, 1824. This instrument was duly acknowledged before a competent officer, and recorded in the office of the secretary of state, on the 14*th* of *October*, 1824. It was produced and read upon the trial, without further proof, as an instrument entitled to be recorded under the act of *April* 12*th*, 1813, entitled " an act concerning deeds," (1 *R. L.* 369, *s.* 5.) It was objected to on the part of the defendant, 1. As not coming within that act, and therefore not duly proved ; and 2d. That admitting it to be technically within this act, it was nothing more than a statement under the hand and seal of Mrs. *Vischer*, of facts which she was a competent witness to prove, and which, if true, should have been established upon the trial by her oath, and not by her declaration in writing.

The defendant, previously to the introduction of this instrument, had proved and given in evidence, a deed from *Sebastian Vischer* and *Ann Vischer*, one of the lessors, to *Lydia Vischer*, bearing date the 13*th* of *March*, 1800, of all their right, title and interest in, or to the real or personal estate of their father *Matthew Vischer*, of which the premises in question were a part. The title of the lessor, *Ann Vischer*, to an undivided half of the premises, as one of the two heirs at law of her father, was, therefore, shown to have been alienated, and her right to recover defeated. The object of introducing the disclaimer of Mrs. *Vischer*, was to show that the deed from *Sebastian* and *Ann Vischer*, to her, of the 13*th* of *March*, 1800, had never been delivered to, or received by her ; that it was executed and recorded without her knowledge, privity, or consent ; and that she never did, and does not now claim to hold any thing under, or by virtue of it. If these facts are true, the deed was unquestionably void ; and nothing passed by it to Mrs. *Vischer*. It is essential to the validity of a deed, that it should be delivered by the grantor and accepted by the grantee. A deed takes effect only from its delivery ; and there can be no delivery without an acceptance, either express or implied. The deed acquired no efficacy from the circumstance of its being recorded. There was nothing in that act equivalent to a

delivery.   Any  instrument  which,  upon  the  face of  it, is
regular,  and  purports  to  be  a deed,  or  conveyance,  may
be recorded.    But if it is not in truth what  it  purports to
be, it will not be aided by being engrossed by a recording
clerk,  and ·put  upon  the  files of a public office.   (*Jackson*
v. *Dunlap*, 1 *John. Cas.* 114.   12 *John.* 422.   20 *John.*
187.)    All that was necessary, therefore, to  defeat  this
conveyance,  was, to show that it had never  been  deliver-
ed  by  the  grantor,  and  accepted  by  the  grantee.    Can
that be shown by the written declaration of the  grantee ?
or  must it be proved, like any other fact, by the testimony
of competent witnesses, under oath ?

The doctrine of *disclaimer, or disagreement, or waiver*,
appears to me, not to be applicable to a case like this.   It
would seem only to apply to cases where the  party  who
disclaims, or disagrees, has an *election* at the time of  his
disclaimer, either  to  affirm and  recieve,  or  to  repudiate
and reject, the estate or thing intended to be conveyed or
given.    It is an abuse of language, to say that *A.* disclaims
or waives that which he has not the power to take.

It is also essential, I should apprehend, to  a  valid  dis-
claimer, that the case be such that the estate or thing  dis-
claimed, would pass or vest, but for the disclaimer, unless
it be made an express condition of the grant that the gran-
tee shall elect.

Most of the cases of disclaimer  in  the  books,  are  dis-
claimers in pleadings, though a disclaimer may be, and
frequently is, by deed, or *in pais.*

A few of the cases to be found in the books, will illus-
trate these principles.

" If a lease is made to *A.* for life, remainder to  *B.*  and
*A.* dies, the law adjudges the frank tenement in *B. till he
disagrees or disclaims ;* and by the waiving thereof, it
vests in the donee or his heirs."   (*Vin. Abr. Disagree-
ment,* (*A*) *pl.* 2.)   There the estate passed from the
grantor to the tenant for life, and *B.* had an election whe-
ther to take the remainder or not ; and but for his *disclaim-
er,* it would have vested in him.

"If a fine is levied to two; and *one does not enter*, nor say any thing; and the other enters, and is impleaded, there he may plead joint tenancy with the other; for the possession by the fine and the entry of the one, shall be adjudged in law to be in both, *till the other disagrees by matter of record.*" (*id. pl.* 4.)

"If a man makes *a gift of his goods* to me by *deed* in my *absence*, this is good without livery made to me of the deed, *till I disagree to the gift*," &c. (*id. pl.* 5.)

"When one has *election* to have a thing or refuse it, if he refuses it, then it was never in him. But if he agrees, then it has a *relation* to the first act done." (*id. pl.* 10.)

"So where four were enfeoffed, *and seisin delivered to three only, in the name of all*, the fourth comes and views the deed, *and by parol disagrees to the deed*. Yet this doth not divest the freehold out of him; but the tenancy remains in all, until disagreement in a court of record." (*id. pl.* 14.)

"Disagreement *by covenantee to an indenture of covenant, to stand seised to uses*, which was delivered to a *stranger to the use of covenantee*, defeats all the uses and estates; for there can be no covenant for want of a covenantee." (*id. pl.* 18.)

Such person as cannot lose the thing perpetually in which he disclaims, shall not be suffered to disclaim. An abbot cannot disclaim, nor a bishop; for he cannot divest the right out of the church. Baron and feme may disclaim for feme. But if the baron have nothing but in right of his feme, he cannot disclaim. (*Vin. Abr. Disclaimer*, (*C*) *pl.* 1, 2, 3, 4, 5.)

"*Infant or feme covert* may, at full age, or discoverture, waive *lease or gift* made to them during coverture or nonage." (*Vin. Abr. Waver*, (*B*) *pl.* 3. 1 *Inst.* 23.) There the lease and gift were voidable at the election of the infant or feme covert only.

In *Cruise's Dig. tit.* 32, *Deed, sect.* 1, it is said, that deeds may be avoided in several ways and for several reasons: "Thus, in the case of a deed poll, *the grantee may*

*disclaim the estate intended to be given to him, in which case no estate will vest in him.*" This proposition, in its terms, implies that if he does not disclaim, the estate will vest in him.

Much learning upon this subject is to be found in *Butler* and *Baker's case,* (3 *Coke,* 25.) In page 26, it is said, if *A.* makes an obligation to *B.,* and delivers it to *C.,* to the use of *B.,* this is the deed of *A.* presently. But if *C.* offers it to *B.,* there *B.* may refuse it *in pais ;* and thereby the obligation will lose its force. If a jointure of lands be made to a woman after marriage, she may waive this after her husband's death, and take her dower. (3 *Coke,* 27. Vid also *Jac. L. D. tit. Waiver and Disclaimer.*)

To test the case at bar by these principles. Had Mrs. *Vischer,* on the 12*th* of *October,* 1824, when this disclaimer was executed, an election whether she would accept or refuse the grant, after a lapse of 24 years from its date ; and after the death of one of the grantors, without a delivery of the deed ? Admitting that she originally had the right of election, she was bound to exercise it within a reasonable time ; and if she did not, the law would determine it for her. It would not suffer the deed *to remain in abeyance,* if the expression may be allowed, for such a length of time.

But it will be observed in all the cases which have been cited, that no act remained to be done by the grantors. The conveyances or deeds were complete and perfect, depending solely on the election of the grantee, whether they should take effect or not. Not so here. The deed had never been delivered ; and the delivery of a deed is the act of the grantor. The grantee had acquired no right, which she might waive or defeat by a disclaimer. If she had elected to take the deed, it would have been ineffectual, unless the grantors then chose to deliver it ; and if they had, it would have taken effect in consequence of the delivery, and not of her election. The instrument of the 12*th* of *October,* 1824, therefore, which is called the *disclaimer* of Mrs. *Vischer,* determined no right whatever. It is a mere statement under her hand and seal of certain

facts, which shew that the deed of the 13*th* of *March*, 1800, from *Sebastian* and *Ann Vischer* to her, was void and inoperative; not in consequence of her election to consider it so; but on account of a defect which she had not the power to remove or remedy. Such an instrument cannot be considered "*a deed, conveyance or writing, of, or concerning any lands, tenements or real estate, within this state;*" within the meaning of the act of the 12*th* of *April*, 1813, (1 *R. L.* 369,) which allows such deeds, conveyances or writings to be recorded. It does not profess to convey or transfer any interest in land: and it is not a *writing of, or concerning any lands*, in any other or different sense than the testimony of a witness, in an ejectment suit reduced to writing; and signed and sealed by him.

I am therefore of opinion, that that instrument was not sufficiently proved to entitle it to be read; and if its execution had been duly proved, that it was incompetent evidence. Mrs. *Vischer* should have been produced as a witness by the plaintiff. The defendant was entitled, not only to have her speak under the sanction and solemnity of an oath; but to the benefit of a cross-examination. On that ground, therefore, a new trial must be granted.

The judge decided correctly upon the subject of adverse possession: that the tract H. being a large tract of land subdivided into different lots, the occupancy of any one of the lots would not give a constructive possession, or create an adverse possession of other parts of the tract. (*Jackson* v. *Woodruff*, 1 *Cowen*, 276.) And as lot number 12, the premises in question, was not actually possessed at the time of the marriage of the lessors of the plaintiff, there was no adverse possession to bar the right of the lessor, *Ann Ten Eyck*. This question has been repeatedly decided by this court. Indeed, the point was abandoned by the defendant's counsel upon the argument.

New trial granted.