THOMAS J. BAYLEY *vs.* JOSEPH C. BAILEY, Administrator.

ultaneously with a deed of land, absolute in form, the consideration of which was $14,500, the grantor and grantee executed an indenture in these terms: " Whereas it is the wish and intention of the grantor to purchase back or redeem the said estate; now therefore I, the said grantor, do hereby bind myself, my heirs," &c. " in the sum of $3,000, to the aforesaid grantee, his heirs," &c. " that I will refund to him the sum of $14,500 with interest thereon;" and "I, the said grantee, on my part, do hereby bind myself, my heirs," &c. " in the penalty above expressed, to redeed to the said grantor the premises above named, on his paying, within five years from the date hereof, the above named sum of $14,500 with the interest; it being understood that the said grantee is to have full possession of the estate, to control and lease the same, as he may deem proper, and receive the rents." *Held*, that this was not a mere bond for reconveyance; but

a defeasance, which, taken together with the deed, constituted a mortgage; and that the grantor's right to redeem the land at any time within three years after breach of condition was not affected by receipts and accounts given by him to the grantee, mentioning the deed as an absolute conveyance. '

BILL IN EQUITY to redeem two lots of land on Allen and McLean Streets, in Boston, from an alleged mortgage. The bill alleged that the plaintiff, on the 1st of April 1843, being indebted to Richard W. Bayley, the defendant's intestate, agreed to transfer the premises to him by way of mortgage, for the purpose of securing the payment of his debt; and, pursuant to such agreement, did by deed of that date, duly recorded on the 14th of April 1843, for the consideration of $14,500, expressed therein, grant, bargain and sell the premises to said Richard; and that this conveyance, although absolute on its face, was intended, executed and received solely as a mortgage or security for the payment of said debt.

The bill then alleged that, at the time of the execution and delivery of this deed, the parties thereto executed the following indenture : " Whereas Richard W. Bayley has this day purchased my real estate, situated between Allen and McLean Streets, in Boston, as described in my deed to him of this date, for the consideration of fourteen thousand five hundred dollars therein named; and whereas it is the wish and intention of Thomas J. Bayley, the grantor, to purchase back or redeem the said estate ; now therefore I, the said Thomas J. Bayley, do hereby bind myself, my heirs, executors, administrators and assigns, and stand firmly bound in the sum of three thousand dollars to the aforesaid Richard W., his heirs, executors, administrators and assigns, that I will refund to him the sum of fourteen thousand five hundred dollars with interest thereon, or sufficient to make the interest six per cent. per annum, payable semi-annually, within five years from the date hereof, provided the net income from the said estates will not pay such interest, so that the said Richard W. shall receive at least the full amount paid to the said Thomas J., with the interest computed at six per cent. per annum, payable semi-annually. And I, the said Richard W. Bayley, on my part, do hereby bind myself, my

heirs, executors, administrators and assigns in the penalty above expressed, to redeed to, the said Thomas J. Bayley the premises above named, on his paying, or causing to be paid, within five years from the date hereof, the above named sum of fourteen thousand five hundred dollars, with the interest computed as above. It being fully understood that the said Richard W. is to have full possession of the estates, to control and lease the same, as he may deem proper, and receive the rents of the same. In witness whereof we have mutually agreed to this instrument, and set our hands and seals, this first day of April A. D. 1843."

The bill then alleged that said Richard, immediately upon the execution and delivery of the deed to him, took possession of the premises, and that he and his personal representatives had ever since received all the rents and profits thereof, while the plaintiff had expended large sums of money to keep the buildings in repair. The bill then alleged the plaintiff's request and the defendant's refusal to account and to · execute a deed of the premises to the plaintiff, and the plaintiff's offer to pay the sum of $14,500 and interest, deducting rents and profits; and prayed for a discovery, an account, for possession, and a conveyance of the premises, upon payment of the sum due, and for further relief.

The answer admitted most of the facts alleged in the bill; but averred that the deed from the plaintiff to said Richard was executed on the 14th of April 1843, and was made pursuant to an agreement that the plaintiff should sell the premises to said Richard for a consideration of $14,500; $4,000 to be paid in cash, and most of the residue by cancelling certain notes long before given by the plaintiff to said Richard, leaving only the sum of $247.58, to be paid when the plaintiff should make certain repairs on one of the houses; that, pursuant to this agreement, and to consummate the sale, on the 15th of April 1843, said Richard paid to the plaintiff said sum of $4,000, and took a receipt for the same " in part payment for my real estate which I have sold him by deed dated the 14th instant;" that, on the 17th of April 1843, an account was stated between the parties, and settled and signed by the plaintiff, in which he

credited said Richard with said notes, cash, and balance of $247.58, and charged him thus: "R. W. Bayley bought of T J. Bayley my real estate in Allen and McLean Streets for $14,500," and said notes were then cancelled; that, in October 1843, said Richard settled said balance of $247.58, and the plaintiff gave him a receipt for the same, describing it as " being the balance due me on real estate which I deeded to him April 1st 1843, making up the amount of purchase of said estate fourteen thousand five hundred dollars, and is in full payment for the same as per agreement."

The answer then denied any knowledge of any debt of the plaintiff to said Richard at the time of the execution of the deed, or of any agreement for the transfer of the premises by way of mortgage, or concerning said conveyance, otherwise than as already stated, and contained in the agreement set forth in the bill; and denied that that agreement operated or was intended by the parties as a defeasance; and contended that said deed and agreement, taken together, and with the other papers signed by the plaintiff, as above stated, had effect as a conditional sale by the plaintiff to said Richard; and that, upon the plaintiff's failure to repay the purchase money at the expiration of the time mentioned in the agreement, said Richard became seized of the premises as of an indefeasible estate in fee.

The case was set down for hearing on the bill and answer, and a statement of facts, in which the execution of all the papers stated in the bill and answer was admitted, and it was agreed that the indenture was not recorded in the lifetime of said Richard, and all questions as to the competency of the facts as evidence were reserved.

*J. P. Healy*, for the plaintiff.

*W. J. Hubbard*, for the defendant.

SHAW, C. J.  The plaintiff brings his bill in equity to redeem land alleged to have been transferred by the plaintiff to Richard W. Bayley, the defendant's intestate, to secure the payment of a large sum of money.  He sets out a deed from himself to said Richard, and an instrument of even date, signed and sealed by both parties, which he insists constitutes a defeasance,

The answer denies that the instrument in question amounts to a defeasance, and insists that, in legal effect, it is only a conditional contract for a resale of the land, and that the condition has not been complied with.

The single question is, whether this agreement constitutes a defeasance. The instrument is rather peculiar in form, each party speaking in the first person; but it closes with the words, "in witness whereof we have mutually agreed to this instrument;" and is then signed, sealed and witnessed. Though it is not the joint language of the parties, yet it expresses the assent of both parties to the purposes and stipulations expressed in it.

It seems to us clear that this instrument constituted a defeasance to the deed to which it refers. It has all the characteristics of a defeasance. The internal evidence shows that it was simultaneous; the agreement, as well as the deed, took effect from its delivery. If the deed was delivered some days after the date, the reference to it, as of " this day," indicates that the agreement was delivered at the same time. It shows an intention of the grantor to redeem, and an assent thereto by the grantee. The very terms, " purchase back," " redeem," on the part of the grantor, and the stipulation on the part of the grantee to " redeed," on payment, are all indicative of an estate, defeasible and redeemable, taken for security. The grantor binds himself to " refund," that is, pay back, treating the money advanced as a debt; but there would be no debt, if it were purchase money received in payment for land sold.

It is no objection that the grantor binds himself in the sum of $3,000, to pay $14,500. This is a mere penalty. It is always competent for the obligee to waive the penalty and proceed on the covenant, either to pay money or do other acts. In this same contract, the grantee binds himself in the same penalty of $3,000, on a certain condition, to convey land worth $15,000. Without regarding the penalty, it is a valid contract to convey.

A mortgage is a conveyance of real estate, or of some interest therein, defeasible upon the payment of money, or the performance of some other condition. The defeasance may be contained in the deed itself, or in some other deed executed at the same

43*

time and referring to it, constituting with it one transaction, stipulating that the estate shall be reconveyed on the payment of a certain sum; this is a defeasance. *Harrison* v. *Phillips Academy*, 12 Mass. 456. The statute law recognizes as mortgages, subject to all the incidents and provisions affecting mortgages, not only those made by a common deed of mortgage, but also such as are made by a conveyance, with a separate deed of defeasance. Rev. Sts. *c.* 107, § 34.

It being once established that the separate deed operated as a defeasance, and rendered the conveyance a mortgage, the right of redemption for three years after condition broken attaches as an inseparable incident, created by law, which cannot be waived by agreement. Though it be ever so strongly expressed that the estate shall be absolute if the money is not paid at the day fixed, such stipulation would be void. It does not depend upon the intent of the parties; because it is an intent contrary to the rules of law, which the law will not carry into effect.

The recording of this instrument of defeasance was not necessary to give it its full effect, as between the parties. Such recording is provided for, to give notice to purchasers and attaching creditors that the grantee's estate, though apparently absolute, is in fact defeasible; and secures to the mortgagor his right of redemption against such purchaser or creditor, who otherwise would take without notice, and thereby defeat the right of redemption.

Such being the rights of the parties under the deed and simultaneous indenture, both specialties, it cannot be affected by the receipts, accounts stated and memoranda which passed between the parties. If the estate was not redeemable at its creation, by force of the defeasance then given, proof of the intention, expectation or understanding of one or both of the parties would not give a right of redemption; if not thus originally redeemable, such proof would not defeat or impair it; and therefore, in either aspect, such proof is immaterial to the issue.

*Decree that the plaintiff has the right to redeem.*