### DAVID F. BROWN *v.* JAMES SIMONS & AL.

Where one having the right to redeem mortgaged lands, tendered to the holder of the mortgage the full amount of the mortgage debt, which was refused, and afterwards brought his bill in equity to redeem, *held* that the defendant was not entitled to interest after such tender, although the bill at first omitted to offer payment of the mortgage debt, but was subsequently amended for that purpose; it appearing that it was merely a formal defect in the bill.

In such case the holder of the mortgage, having unreasonably resisted the redemption, was required to pay costs.

Where the plaintiff had acquired from the mortgagor a portion of the mortgaged land, and afterwards the mortgagor sold several other parcels to other parties, it was decreed that the plaintiff might redeem by paying to the mortgagee the amount so tendered and refused; and then to have and retain a lien upon all the mortgaged lands, for the sum so paid and interest thereon from the time of the tender, together with the sums paid by him for taxes to preserve the estate.

And it was further decreed that the lands still held by the mortgagor being primarily charged, and then the parcels so sold, being charged in the inverse order of sales, that the owners of such parcels should severally be permitted to redeem his or their parcel by paying to the plaintiff the value thereof as ascertained by a Master, with interest, within one year; payments to be made in the order above named until the whole sum is paid; and if any such owner shall fail to redeem his or their parcels as aforesaid, within the time limited for it, then the right of redeeming such parcel shall be forever barred and foreclosed, and the land accounted for at the aforesaid value upon said mortgage debt.

It was further decreed that the expenses of the plaintiff for counsel fees in this suit, and time bestowed upon it by himself, are not to be added to the sum to be paid him for redemption, and that, as between him and the defendants who were holders of the parcels so sold by the mortgagor, no costs are to be allowed either way.

This is a bill in equity and the facts sufficiently appear in the opinion of the Court.

*S. N. Bell*, for plaintiff.

*W. C. & S. G. Clarke*, for defendants.

BELLOWS, J. The substance of the bill is stated in this case reported in 44 N. H. 475. The bill represents that the defendant Simons holds a mortgage upon a tract of land in Manchester, sundry parcels of which, subsequent to the making of this mortgage, were sold off by the mortgagor at various times and to different persons, and among them, a parcel to one Chamberlain, whose title the plaintiff now holds; that the lands still held by the mortgagor and those sold by him since the sale to Chamberlain are of value sufficient to pay off the entire mortgage debt to the defendant Simons, without touching the parcel held by the plaintiff; and in his bill which is against said Simons and the other grantees of the mortgagor, the plaintiff prays that said Simons may first make application of those various parcels of land to said mortgage debt before calling upon the plaintiff; and he also offers to pay the amount now due upon said mortgage; and he prays also for general relief.

It appears, as alleged in the plaintiff's bill, that, in the autumn of 1859, fixed in the Master's Report at December 27th, 1859, the plaintiff tendered to Simons the amount of his mortgage debt, being $1973.66, which he, the said Simons, declined to receive, and which by an amendment to his bill, the plaintiff still offered to pay; and one question now is, whether the defendant, Simons, is entitled to receive any interest upon said sum so due, and tendered by the plaintiff.

For aught we can see, the case stands upon the ordinary footing of a tender of the amount due on a mortgage and a refusal to receive it. It is true, that the bill as originally framed contained no offer to pay the money, but that is to be regarded as a formal omission in the bill which was supplied by the amendment, rather than a defect in the substance of the plaintiff's case; especially as the amendment made no difference in

the course of the defendant, Simons, who still continued to defend upon other grounds.

The case before us, then, is substantially a case of a tender, by one having a right to pay off the mortgage, of the whole amount due, and a refusal to receive it upon grounds that have been persistently urged as a defence, until the final decree, and which defence has been found to be invalid.    Under these circumstances, we think, that, as respects the plaintiff, the defendant, Simons, is not entitled to add interest to the amount due at the time of the tender.    Powell on Mortgages, 454; 2 P. Wms. 378, *Gyles* v. *Hall*; 5 Dane Abr. ch. 171, art. 3, secs. 41, 42; *McNeil* v. *Call*, 19 N. H. 418; *Tucker* v. *Buffum*, 16 Pick. 46.

As to the mode of administering relief, it would seem that it may be done in proper cases by a sale of so much of the land as may be needed to pay off the mortgage, or by ascertaining, by the aid of a Master, the value of the several parcels, and providing for redemption of each by the payment of the value as thus ascertained; and we are inclined, in this case, to decree that the plaintiff be permitted to redeem by paying to the said Simons the amount due on his mortgage at the time of the tender, by the fifteenth day of September next, being as found by the Master, $1973.66; the plaintiff retaining a lien upon all the parcels of land included in the mortgage and described in the Master's report, for the payment of said sum of                                                      $1973.66
and interest upon it from the time of the tender to
the date of the report, Jan. 6, 1864, viz, ·                         535.84
together with the further sum paid by the plain-
tiff for taxes on the mortgaged property for the
preservation of the estate, being as found by the
Master, with interest to Jan. 6th, 1864,                           234.07
                                                                  ————————
being in all the sum of                                            $2743.57

To this, plaintiff claims to add counsel fees and for his own time in this suit, but the court is of the opinion that this claim should not be allowed.

The several parcels of land are to stand charged with the payment of that sum with interest thereon from this time until the time fixed for the payment, in the order in which they stand in the Master's report, viz: The parcels still retained by the said Andrews being primarily charged, and then the remaining parcels in the order in which they stand.    The payment is to be made within one year from the 18th day of August, 1864; each of said owners being permitted to redeem his or their parcel of land by paying the value thereof as estimated in the report of the Master, with interest from Jan. 6, 1864, until paid, commencing with the parcels still held by said Andrews, and proceeding in the order· in which they are set down, until the whole sum of $2743.57, is paid with interest.    And, upon such payment being made by any of such land owners, his or their parcel shall stand fully discharged of said lien, and the owner entitled to a release accordingly from the plaintiff, and in default of such payment within said term of one year by any of said owners,

then his or their right to redeem shall be forever barred and foreclosed, and the title to the parcel of land so held by him or them shall become absolute in the plaintiff, to be applied at its value, estimated as aforesaid. The plaintiff to recover of the said Simons costs of this suit including costs before the Master, and as between the plaintiff and the other defendants no costs to be taxed either way.

The costs are allowed the plaintiff because it appears, that, before the bill was filed, a tender of the full amount was made, and no good reason was then or has since been assigned for refusing it. And, besides, a tax title has been set up by Simons, acquired when he was in possession and taking the rents and profits, and when it was his duty to take care of the estate. Under these circumstances, we think, that defence ought not to have been made, and, therefore, are disposed to tax the costs against Simons.

In *Bean* v. *Brackett*, 35 N. H. 84, it was held, that, on a petition to redeem, the plaintiff, if he prevails, is entitled to costs, by the statute.

When the mortgagor made a tender of the amount due before bringing his bill, costs were refused to the mortgagee. *Van Buren* v. *Olmstead*, 5 Paige Ch. Rep. 9. When mortgagee makes an unconscientious defence he will be made to pay costs. *Slue* v. *Manhattan Company*, 1 Paige Ch. 81.

In *Brockway* v. *Wells*, 1 Paige Ch. 617, the court say, if plaintiff had before suit applied to the mortgagor to be allowed to redeem, and was refused, and then he filed his bill and prevailed, the mortgagee ought to pay costs. So it was held, in *Detelen* v. *Sale*, 7 Ves. 584, that improper conduct will deprive a mortgagee of costs. See also, *Harvey* v. *Davis & al.*, 7 Johns. Ch. 40.

Upon these principles, we think, the mortgagee ought to pay the costs, the court having the power to apportion the costs among the defendants as if bills had been specially filed for that purpose. *Grover* v. *Fresh*, 9 Gill & Johnson, 280.