Morrison v. Brand.

JOHN N. MORRISON AND OTHERS *against* CHRISTIAN BRAND.

Where A., being indebted to B., made an absolute conveyance of land to him in payment of such debt, and contemporaneously with the execution of the deed B. delivered to A. a written instrument by which he agreed to reconvey the land upon receiving payment of a certain sum within a specified time: *Held*, that the transaction did not create a mortgage, but was a conditional sale, and that B. obtained the fee of the premises subject only to the right of A. to demand a reconveyance on complying with the terms of the agreement.

*Held*, further, that the fact that the two instruments were recorded together in the records of mortgages did not, as between the parties to it, change the nature of the transaction.

Where plaintiffs had been for fifteen years in possession of land, claiming under an assignment which was, on its face, void as against creditors, but no creditors had ever sought to impeach it, and thirty-three years had elapsed since the execution of the assignment: *Held*, that there was a presumption that the creditors of the assignor had all accepted the assignment, and that plaintiffs had a good title under it, and could compel a purchaser to accept their title.

APPEAL by the defendant from a judgment of this court entered on the report of a referee.

The action was brought to compel the defendant to complete a contract entered into by him for the purchase of land.

As an excuse for his failure to complete his contract to

Morrison v. Brand.

purchase, the defendant alleged certain defects in the plaintiffs' chain of title to the premises.

This chain of title was as follows : On August 13th, 1839, Thomas Cooke (who was conceded to have had a good title to the premises), joined with his wife in a full covenant deed of them to John Thompson, and on the same day Thompson delivered to Cooke a written agreement, by which he covenanted that on the payment to him by Cooke of $1,200 (which was also the consideration recorded in the deed), and interest, at any time within six months from date, he would reconvey to to him the premises. The deed and agreement to reconvey were recorded together in the books for the recording of mortgages. There was evidence, that at the time of the deed to Thompson, Cooke was indebted to him in the sum of $1,200, and that the conveyance was in payment and settlement of the debt. There was no evidence of any payment or tender by Cooke within six months from the date of the deed.

On October 16th, 1839, Thompson and wife conveyed to Jackson Oakley, for the consideration of $2,800.

On May 28th, 1840, the firm of Oakley & Davies (of which Jackson Oakley was a member), made an assignment for the benefit of creditors of certain property, including these premises. This assignment authorized the assignees to sell on credit, and gave preferences. The assignees conveyed to William P. Morrison, from whom the plaintiffs claimed as heirs at law.

The referee found that the transaction between Cooke and Thompson was a conditional sale of the premises, and that the deed to Thompson was an absolute conveyance, and not a mortgage, and vested in him an absolute estate of inheritance, subject only to the right of Cooke to demand a reconveyance on making payment in accordance with the terms of the agreement. The referee therefore reported, that plaintiffs had a good title, and ordered defendant to complete his purchase.

*Benjamin T. Kissam*, for appellant.

*S. S. Rowland*, for respondents.

LARREMORE, J.—The first question to be considered in this case, is the construction to be given to the conveyance executed by Thomas Cooke to John Thompson, dated August 13, 1839, as explained or modified by the contemporaneous agreement between the same parties.

The referee has found that the transaction referred to constituted a conditional sale, and that the condition not having been performed, Thompson acquired an absolute estate in the premises conveyed.

I think this conclusion was fully authorized by the evidence. There is nothing inconsistent in the fact, that Cooke's entire indebtedness to Thompson, was canceled by the deed of August 13, 1839. Cooke's right to repurchase the property was optional, and created no obligation on his part. Nor does it appear from the instruments, or the extrinsic facts, that there was any subsisting indebtedness on the part of Cooke, after the sale was consummated, or any intention by either party to create a security for any purpose.

And this was an essential point in the cases of *Henry* v. *Davis* (7 Johns. Ch. 40), *Peterson* v. *Clark* (15 Johns. 205), *Slee* v. *Manhattan Co.* (1 Paige, 48–56), *Horn* v. *Keteltas* (46 N. Y. 605), *Brown* v. *Dewey* (1 Sand. Ch. 56). "The existence of a debt is the decisive test upon this point" (Story's Equity Juris. § 1018 b, and cases there cited).

Thompson testified that his claim against Cooke was settled by the conveyance of the property, and the referee has accepted his statement as true. The agreement to repurchase did not change the deed into a mortgage, but made the transaction a conditional sale (*Saxton* v. *Hitchcock*, 47 Barb. 220).

2d. The mere fact that said instruments were recorded as a mortgage could not impress that character upon them (*Jackson* v. *Richards*, 6 Cow. 617, 619). The object of the recording act was to protect subsequent purchasers and incumbrancers; but an omission to comply with its provisions in recording a conveyance would not invalidate such conveyance as between the parties, nor would an erroneous recording thereof impair any existing right (*Jackson* v. *Burgott*, 10 Johns. 457; *Same* v. *Phillips*, 9 Cow. 94; *Same* v. *West*, 10 Johns. 466).

No subsequent purchaser or incumbrancer has objected or been prejudiced by said record; and as between Cooke and Thompson, the conveyance of August 13, 1839, was valid; and by reason of the failure to perform the condition to repurchase, vested an absolute title in Thompson to the premises in question.

3d. The assignment by Oakley & Davis for the benefit of creditors (May 28, 1840), conveyed said title to their assignees. It provides for the payment of all their creditors, and is not void by reason of the provision that the surplus, if any, be returned to the assignors (*Wintringham* v. *Lafoy*, 7 Cow. 735; *Van Rossum* v. *Walker*, 11 Barb. 237; *Ely* v. *Cook*, 18 Barb. 612). Nor was the preference made as to the payment of creditors, *per se*, fraudulent and void (*Jacobs* v. *Remsen*, 36 N. Y. 668.)

The authority given to the assignees to sell upon a reasonable credit, as they (might) deem best, was a sufficient ground to invalidate the assignment as against creditors that chose to assail it for that cause. But no creditor has sought to impeach it, and thirty-three years having elapsed since its execution, the presumption of law is in favor of its acceptance by all the creditors, and the payment of their claims, in whole or in part, in accordance with the provisions of the trust. It is the duty of the courts to sustain titles, and when (as in this case) no adverse claim or possession has been shown, but it appears that plaintiffs have been in the continued possession of the premises, and paid taxes and assessments thereon since 1857, and that same have been inclosed during that period, and that a record title exists which no creditor of Oakley has sought to impeach, I think the defendant should not be relieved from his purchase on the grounds stated.

The judgment should be affirmed.

Robinson, J., concurred.

Judgment affirmed.