(25 App. Div. 6.)

### DANAHER v. HODGKINS.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

MORTGAGE—WHAT CONSTITUTES—EXTINGUISHMENT OF DEBT.

Defendant, who was indebted to plaintiff, conveyed to him real estate, subject to a mortgage, the recited consideration being equal to the aggregate of both debts. At the same time plaintiff contracted to convey the property to defendant on payment of such sum, in specified installments. Defendant assigned her contract to a third party, who, after making a partial payment, less than plaintiff's demand against defendant, defaulted. The property was thereafter sold on foreclosure of the mortgage, leaving no surplus. *Held*, in an action by plaintiff for the balance due on his original debt, that, in the absence of any agreement to receive such deed and contract in satisfaction of the debt, it was not extinguished.

Appeal from Warren county court.

Action by John E. Danaher against Laura A. Hodgkins. From a judgment reversing a judgment of a justice of the peace in her favor, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

A. & L. Armstrong, for appellant.

Chas. R. Patterson, for respondent.

MERWIN, J. On the 17th of January, 1890, the defendant was indebted to the plaintiff in the sum of $260.33. At that date the defendant conveyed to the plaintiff by quitclaim deed certain real estate, for the consideration, as therein stated, of $840 to her duly paid. In the deed it is stated that a certain part of the purchase price is subject to a mortgage of $546 and interest from January 9, 1889, held by McConihie & Co. At the same date a written contract was made between the parties for the sale of the premises by plaintiff to defendant for the sum of $840, payable by the defendant, as follows: On January 8, 1891, $200 and interest on the whole sum from the date of the contract; on January 8, 1892, $300 and interest on the balance unpaid on the contract; and on January 8, 1893, $340 and interest. The defendant also agreed to pay on demand annually the premiums paid by plaintiff in insuring the premises for $1,000, and also agreed to pay all taxes and assessments on the premises. The plaintiff, upon receiving such payments, agreed to give to the defendant or her assigns a deed with covenant against the grantor. Nothing is said in the contract about the mortgage or the plaintiff's debt of $260.33. The amount unpaid on the mortgage at the date of the deed, together with the amount of the plaintiff's debt, was practically the sum of $840. The mortgage was dated January 9, 1889, and was for the sum of $546, payable as follows: The interest on the whole sum semiannually, on the 9th day of July and January, for two years from the date thereof; the principle in three equal annual payments thereafter, with interest on all sums unpaid at the time of each payment,—the first payment of principal being January 9, 1892. The defendant assigned all her interest in the contract to one Kelley, and he assumed and agreed to pay the moneys there-

on covenanted to be paid. On January 9, 1891, Kelley paid the plaintiff $249.14, to apply on the contract. On February 24, 1890, the plaintiff paid for insurance premium $20, and March 6, 1891, $20. Plaintiff paid interest on the mortgage as follows: February 13, 1890, $32.76; August 15, 1890, $16.38; January 19, 1891, $16.38; and August 31, 1891, $16.38. In April, 1892, an action was commenced to foreclose the mortgage, and the premises were thereafter sold on foreclosure sale, and there was no surplus after paying the mortgage. Deducting from the amount received by the plaintiff on the contract the sums paid by him on the mortgage, there was a balance of $167.24. Deducting this from the amount of plaintiff's debt, there is remaining a balance of $93.09. Adding to this the premiums paid by plaintiff, and which he demanded of defendant, there is a total of $133.04, which is the amount the plaintiff sought to recover in the action before the justice. The defendant claims that the giving of the deed and contract amounted to an extinguishment of the debt. The plaintiff claims that the debt was never extinguished or paid, and that the deed and contract were only as security.

It is easy to infer that the sum of $840, stated in the deed and contract, was made up of the amount of plaintiff's debt and the amount unpaid on the mortgage. The payments were evidently fixed in the contract in such a way as to provide the plaintiff with means to make the payments on the mortgage as they became due. The plaintiff paid all that was due on the mortgage prior to the default in making the payments on the contract. The plaintiff did not agree, in the contract or deed, to pay the mortgage. The only agreement on that subject to be inferred is that the plaintiff, upon receiving the payments as provided for in the contract, would take care of the mortgage. There was no evidence that the debt of the plaintiff was settled by the conveyance, and in this respect the case differed from the case of Morrison v. Brand, 5 Daly, 40, cited on the part of the defendant. The debt not being receipted or satisfied, it presumptively continued to exist. It was competent to show by parol evidence that the deed was given as security. Horn v. Keteltas, 46 N. Y. 605. The plaintiff testified to that effect, and the defendant was not called as a witness. The plaintiff did not accept the liability of Kelley in discharge of the obligation of the defendant. In the absence of any agreement by the plaintiff to receive the deed and contract in satisfaction of the debt, no extinguishment of the debt was shown. The defendant having failed to perform her contract, the plaintiff had a right to recover the balance of his debt, including the premiums for insurance, which the defendant specifically agreed to pay the plaintiff on demand. The county court did not, we think, err in reversing the judgment of nonsuit granted by the justice.

Judgment of county court affirmed, with costs. All concur.