### HUGHES v. HARLAM.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. CHATTEL MORTGAGES—REDEMPTION.

    Decedent, in his lifetime, by written instrument, transferred personal property to defendant on condition that, if he paid a note due the latter, the transfer was to be void, but, if he died before it was paid, the transfer was to be absolute. Decedent died before the note was paid. Held, that the instrument was a mortgage, and decedent's administrator was entitled to redeem.

2. SAME—RIGHT TO REDEEM—PLEADING.

    Plaintiff alleged that defendant was wrongfully possessed of property of his intestate, that his claim was only a mortgage obtained from intestate on his indebtedness, and that he had tendered the amount, and prayed that defendant deliver possession. Held sufficient to show in plaintiff a right to redeem.

Appeal from special term, New York county.

Action by Gaston H. Hughes, as administrator with will annexed of Albert E. Hughes, deceased, against Edward M. Harlam. From an interlocutory judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Delos McCurdy, for appellant.
William F. MacRae, for respondent.

McLAUGHLIN, J. The plaintiff's testator, Albert E. Hughes, executed and delivered to the defendant a written instrument by which certain personal property, including a formula for the manufacture of "Albert's Rheumatic and Gout Remedy," was transferred to the defendant, subject to the condition that if the testator paid his promissory note for $3,000, payable to the order of the defendant, then the transfer should become null and void. The instrument, however, provided that, if the testator died before the note was paid, then the transfer was to be unconditional and absolute. At the time the instrument was executed the plaintiff's testator was, and, until his death, which occurred a few days later, he continued, in possession of the property transferred, when the defendant took possession. The

plaintiff was appointed administrator with the will annexed, and a tender having been made of the amount remaining due upon the note, accompanied with a demand for the possession of the property, which defendant refused, this action was brought to compel, among other things, the defendant to deliver to the plaintiff the formula for the remedy. The defendant by his answer denied substantially all the allegations of the complaint, and alleged that, upon the death of plaintiff's testator before the payment of the note, the formula became his sole and absolute property. The trial court held that the instrument was a chattel mortgage, and that the plaintiff had the right to redeem the property covered by it, subject to the payment of any indebtedness to the defendant which might be found due upon an accounting. Judgment was entered to that effect, from which the defendant has appealed.

The conclusion reached by the trial court was correct. The instrument was not a bill of sale. It was a chattel mortgage, and nothing else. It was given as collateral security for the payment of the note, and expressly provided that it was to become "absolutely null and void" upon such payment. The provision inserted in it, that, if the payment was not made during the lifetime of the mortgagor, the transfer should then become unconditional and absolute, did not change the character of the instrument in any respect. Default in the payment of the sum secured by the mortgage occurred when the testator died, and then the legal rights of the parties were exactly the same as though default had been made by the testator in his lifetime. The title to the mortgaged property then vested at law in the defendant, and nothing was left to the plaintiff, except an equitable right to redeem (Charter v. Stevens, 3 Denio, 33; Stoddard v. Denison, 38 How. Prac. 299), which did not depend upon any agreement of the parties. It was something independent and irrespective of the parties to the mortgage, which the law gave, and which it would not permit them, even by agreement, to take from the mortgagor. Jones, Chat. Mortg. § 682; Henry v. Davis, 7 Johns. Ch. 40; Clark v. Henry, 2 Cow. 330; Bunacleugh v. Poolman, 3 Daly, 237; Bayley v. Bayley, 5 Gray, 505; Newcomb v. Bonham, 1 Vern. 7. "The reason of the rule," says Judge Woodruff in Clark v. Henry, supra, "is, because it puts the borrower too much in the power of the lender, who, being distressed at the time, is generally too much inclined to submit to any terms. There is no exception to the rule, 'Once a mortgage always a mortgage.' 1 Madd. 413. No agreement of the parties can affect the doctrine as to redemption in a court of equity." Newcomb v. Bonham, supra, is directly in point. There an absolute conveyance was given, with a defeasance upon the payment of £1,000 during the lifetime of the grantor, and the grantor agreed that the premises conveyed should never be redeemed after his death. The grantor died before payment, and, in proceedings by his representatives to redeem, the lord chancellor held that such right existed, and a decree was entered to that effect.

Under the authorities cited, it is clear that the plaintiff had a right to redeem. It is, however, urged by the appellant's counsel that the complaint cannot be considered as one to redeem, and that it is insuffi-

cient for that purpose. The complaint alleged that the defendant had wrongfully become possessed of the store and goods of the deceased, and of a copy of the formula for the making of the remedy referred to; that the defendant wrongfully claimed the right to manufacture and sell the remedy; that his pretended claim was a paper writing, by way of chattel mortgage or lien, obtained from the deceased on an alleged indebtedness of $3,000; that the plaintiff was ready and willing to pay, and had duly tendered to defendant, any sum due from deceased to him. The relief asked, among others, was that the defendant deliver to the plaintiff possession of the formula, and that an accounting be had to determine the amount due plaintiff. The facts alleged in the complaint were sufficient to show in the plaintiff a right to redeem, and the action was properly treated by the trial court as one instituted for that purpose. Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000; Rogers v. Land Co., 134 N. Y. 219, 32 N. E. 27. The judgment, therefore, was right.

It follows that the judgment appealed from should be affirmed, with costs to the respondent. All concur.