1832.

Holmes
v.
Holmes.

## HOLMES vs. HOLMES.

Where a husband, for the purpose of depriving his wife of any share of his personal property after his death, purchased real estate from his son at a price far beyond its value, and gave his bond and mortgage for the purchase money, the collection of which was not to be enforced during the life of the husband ; *Held,* that the transaction was valid, and that the widow could not have the bond and mortgage set aside as fraudulent as against her.

The owner of personal property, as against every person except creditors, may make such disposition thereof as he pleases, either by will or otherwise. He cannot therefore commit a fraud upon his wife or children by disposing of it after his death in any manner he may think proper.

THIS was an appeal from a decree of the vice chancellor of the fifth circuit. The facts in the case, as presented by the pleadings and proofs, were, that the husband of the complainant, being the owner of considerable personal property and wishing to deprive his wife of the one third of it to which she would be entitled by the statute of distributions after his death, agreed with his son to purchase of him real estate at a price far beyond its value, and to give him a bond and mortgage thereon, which security was not to be enforced in the life time of the father. The amount due on the bond and mortgage, at the death of the father, was equal to the whole amount of his personal estate. Upon a bill filed by the widow to set aside the bond and mortgage, the vice chancellor decreed that she should release her right of dower in the real estate purchased, and that the son should pay to her one third of the personal estate, as her distributive share, without deducting the amount of the bond and mortgage therefrom. From this decree the defendant appealed.

May 28.

*T. Jenkins,* for the complainant.

*M. T. Reynolds,* for the defendant.

THE CHANCELLOR.   The vice chancellor has probably arrived at a correct conclusion in supposing it was the intention of the father and son to convert his personal property into real estate, for the purpose of defrauding the wife of her distributive share of the personalty after the death of her husband. But he was wrong in deciding that the facts stated in the complainant's bill could amount to a fraud of which any earthly tribunal could take cognizance.   The cases of underhand dealings and secret conveyances made in contemplation of marriage, depend upon an entirely different principle.   The husband in this case was, probably, not aware of his legal rights, and therefore he resorted to this device to deprive the wife of a distributive share of his personal estate, when he might have effected the same thing directly, without violating any principle of law or equity.

The owner of personal estate, as against every person except his creditors, has the absolute and uncontrollable power and right to make such disposition thereof as he may think proper, either by a gift *inter vivos*, or *causa mortis*, or by will. Neither the wife or children have any interest in the property, except so far as the husband or father may be liable for their support or maintenance during his life.   It is therefore impossible that he should defraud either, by any disposition he may make of his property to take effect after his death.   The law has indeed provided that the wife shall be entitled to one third of the residuary estate if the husband dies without a will. And if he makes no disposition of his property by will, or otherwise, the legal presumption is that he intended to permit the law to take its course in the distribution of the estate after his death.   But in this case he has thought proper to deprive his widow of any share of his personal estate by the purchase of real property at a price far beyond its value.   And as he had the right to give the whole personal estate to the son, absolutely, the wife could not be defrauded by this arrangement.   She was in fact benefitted thereby, as by the purchase of the land she has acquired a right of dower therein which cannot now be divested; and the personal property must first be applied to pay off the mortgage.

Although the complainant was not entitled to the particular relief granted by the decree of the vice chancellor, yet as

it appeared there was sufficient personal property in the hands of the defendant to satisfy the mortgage, he should be decreed to discharge the same, so far as it is an incumbrance on her dower in the land. She is entitled to dower, and to the arrears of the mesne profits, from the death of her husband ; but the proper parties are not before the court to enable me to make a decree to that effect. The decree of the vice chanceller must be reversed ; and a decree must be entered, here, directing the defendant to execute to the complainant a release, discharging her right of dower from the lien of the mortgage ; with liberty to her to proceed at law, or otherwise, as she may be advised, to recover her dower in the premises, and the mesne profits since the death of her husband. Neither party is to have costs as against the other, either in the original suit, or on this appeal.