ROBINSON vs. CROPSEY and others.

A sale by one tenant in common to his co-tenant of his undivided share of the property in consideration of the discharge of previous debts, with an agreement that the vendee shall convey to the vendor the whole property held in common upon his paying a specified sum at the end of one year, together with the value of the improvements made in the meantime; Held a valid agreement of sale and repurchase, and not a mere mortgage.

As a general rule, where there is an application for a loan of money, the court for the purpose of preventing usury and extortion will construe an agreement for a sale and repurchase of property to be a mortgage, in case the person to whom the application for the loan is made agrees to receive back his money and interest or a larger sum within a specified time, and to reconvey the property, whatever form the writing may be put in, if the real object of the transaction was a loan of money. And the relative value of the property and of the price actually advanced or paid are taken into consideration in determining the nature of the transaction.

May 2.

THIS was an appeal from a decree of the vice chancellor of the first circuit; and the only question was whether the agreement mentioned in the bill constituted a mortgage or a conditional sale. The facts appear from the report of the case before the vice chancellor, (2 Edw. Ch. Rep. 138.)

THE CHANCELLOR. There is frequently great difficulty in ascertaining whether a contract was intended by the parties as a mortgage or a conditional sale; and as a general rule, where the agreement is made upon an application for the loan of money, the court, for the purpose of preventing

usury and extortion, will construe the agreement to be a mortgage in case the person to whom the application for the loan is made agrees to receive back his money and interest, or a larger sum, and to reconvey the property within a specified time thereafter, whatever form the writings may be put in, if the real object appears to have been a loan of money. In such case, also, the relative value of the property and the price actually advanced or paid are to be taken into consideration to determine the intent of the parties.

In this case I am satisfied that the price paid was the full value of the property, which property was taken at the risk of the purchaser as to its being worth more or less at a future time. The liability of the original mortgagor was entirely discharged, and there was no understanding, either express or implied, that he was to be legally or equitably liable to pay any thing to the other party in any event, although he had the right to repurchase, if he thought proper so to do, by paying a certain sum within the prescribed period. I think, therefore, that in this case both parties intended that the equity of redemption should be released in that part of the premises which was mortgaged, so as to give to the mortgagee the whole property which was before held in common, as an equivalent for the discharge of the debts for which the mortgagor was before personally liable ; but giving to the latter the privilege of taking the whole property held in common, within the prescribed period, upon paying the mortgage money and the purchase money of the other half within that time. It was a fair offer, to save the necessity of a foreclosure or a partition; and if the property had fallen instead of rising in value, neither party would have supposed the purchaser was not to sustain the loss. Neither is this a case of forfeiture, against which this court ought to relieve. Here the party did not ask to be relieved while the property was worth only what has been paid for it; but when, by events which neither party could have anticipated, the property has become very much enhanced in price, the representatives of the seller ask to deprive the purchaser of the benefit of such increased value. This is neither equitable nor honest, as neither they nor those under whom they

1837.

Lowene
v.
The American
Fire Ins. Co.

claim ran any risk from the loss which might have been sustained by a depreciation in the value of the property.

The decree of the vice chancellor is clearly right, and must be affirmed with costs.