ALBERT HORN, Respondent, *v.* WILLIAM A. KETELTAS, Appellant.

The rule that a deed absolute upon its face, can in equity, be shown by parol or other extrinsic evidence, to have been intended as a mortgage has been, upon the fullest consideration, deliberately established in this State, and will not be departed from.

| 46 | 605 |
| 110 | 5 |
| 46 | 605 |
| 120 | 656 |
| 46 | 605 |
| 122 | 476 |
| 46 | 605 |
| 127 | 140 |
| 46 | 605 |
| 129 | 306 |
| 46 | 605 |
| 132 | 531 |
| 46 | 605 |
| 135 | 547 |
| 46 | 605 |
| j 161 | 428 |
| 46 | 605 |
| 163 | 91 |

The want of a personal agreement by the borrower to repay the money, is not conclusive evidence that the conveyance was not intended as a mortgage; but is a circumstance to be considered with the other circumstances in the case.

(Argued November 28th, 1871; decided December 5th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment entered upon the decision of the court at Special Term in favor of plaintiff.

The nature of the action and the facts appearing therein, are set forth in the opinion.

*A. J. Vanderpoel*, for appellant. In the cases asserting the equity rule that parol evidence is admissible to show a deed absolute on its face is a mortgage, there was no other written agreement defining the rights of the parties presented. (*Hodges* v. *The T. M. and F. Fire Ins. Co.*, 8 N. Y., 416; *Despard* v. *Walbridge*, 15 N. Y., 374; *Van Dusen* v. *Worrall*, 3 Keyes, 311.) To constitute the relation of mortgagor and mortgagee, the remedies must be reciprocal. (*Hovenden* v. *Froud*, 181.) Under the writings, defendant would have no remedy against plaintiff for a deficiency on sale. (*Goodman* v. *Granson*, 2 B. & B., 274.) Parol evidence cannot be received, where the parties intended the instrument to be in the form in which it is, but only where by fraud, accident, or mistake, the agreement is not carried out. (*Cook* v. *Eaton*, 16 Barb., 139; *Taylor* v. *Baldwin*, 10 Barb., 582; *Webb* v. *Rice*, 6 Hill, 219; *McDonald* v. *McLeod*, 1 Iredell, 221; *Sturtevant* v. *Sturtevant*, 20 N. Y., 39.) Conditional sales are valid, and the time limited for re-purchase must be precisely observed or the right is lost. (*Sexton* v. *Hitchcock*, 47 Barb., 225.) An agreement to reconvey will not turn an absolute conveyance into a mortgage. (*Alderson* v. *White*, 2 De. G. & J., 97, 105.) Where conclusion of law can only be sustained on assumption that defendant is guilty of misdemeanor, no presumption will be indulged

in favor of judgment. (*Walsh* v. *Powers,* 43 N. Y., 23; *Duffy* v. *Masterton,* 44 N. Y., 556.)

*J. S. Hill,* for respondent. Courts of equity will not limit themselves to writing between the parties in determining whether an absolute conveyance is a mortgage. (*King* v. *Newman,* 2 Mumford, 40; *Prince* v. *Reardon,* 1 A. K. Marsh, 170; *Aldham* v. *Halley,* 2 J. J. Marsh, 114; *Flagg* v. *Mann,* 2 Sumner, 540; Greenl. Cruise, title 15, chap. 1, § 38; *Robertson* v. *Campbell,* 2 Call., 354; *Wharf* v. *Howell,* 5 Binney, 503; *Holmes* v. *Grant,* 8 Paige, 257.) This was a mortgage, not a conditional sale. (*Robinson* v. *Cropsy,* 2 ed., ch. 138; *Clark* v. *Henry,* 2 Cow., 324; *Holmes* v. *Grant,* 8 Paige, 257; *Walker* v. *Murray,* 31 N. Y., 401.) The defendant was a money lender. (*Conway's Executors* v. *Alexander,* 7 Cranch, 239.) The reason why courts lean so strongly toward holding the transaction to be a mortgage is to prevent usury and *extortion.* *Holmes* v. *Grant,* 8 Paige, 257 : *Stæver* v. *Stæver,* 9 Serg. & Rawle, 447; *Hall* v. *Van Cleve et al.,* 11 N. Y. Legal Obs., 283; *Crane* v. *Bonnell,* 1 Green's Chan. Reps., 267; *Conway's Executors* v. *Alexander,* 7 Cranch, 240; *Clark* v. *Henry,* 2 Cow., 330, 331; *Vernon* v. *Bethill,* 2 Eden, 110; *Skinner* v. *Miller,* 5 Littels, 88; *McDonald* v. *McLoed,* 1 Ire. Eq., 226; *Poindexter* v. *McCann,* 1 Dev. Eq., 373; *Kunbrough* v. *Smith,* 2 id., 562.) Inadequacy of consideration is proof that a sale could not have been intended. (*Conway's Executors* v. *Alexander,* 7 Cranch, 240; *Flagg* v. *Mann,* 2 Sumner, 537; *Wharf* v. *Howell,* 5 Binney, 503; 3 Watts, 198; 2 J. J. Marsh, 114; 1 Eden, 58, 169; 11 N. Y. Leg. Obs., 282; 6 Metcalf, 482; 19 Vesey, Jr., 413; Pow. on Mortgages, 138; Note 1; *Glover* v. *Payne,* 19 Wendell, 520; *Edrington* v. *Harper,* 3 J. J. Marshall, 354; *Webb* v. *Paterson,* 7 Humph., 435; *Holmes* v. *Grant,* 8 Paige, 257; *Vide* also authorities in note to this case at pp. 259, 261.) The tendency of the court is to preserve rights of redemption. (2 Greenl., Cruise, title 15, chap. 1, § 38, note, citing Dev. Eq., Rep., 373; 5 Lit. 84; 2 J. J. Marsh, 471;

3 id., 354; 1 Green. Ch. Rep., 264; see also *Eaton* v. *Greene*, 22 Pick., 530; *Holmes* v. *Grant*, 8 Paige, 259, 261, the note in later editions); 1 Kent Com., marg. p. 144; *Flagg* v. *Mann*, 2 Sumner, 540; *Edrington* v. *Harper*, 3 J. J. Marshall, 356; *Secrest* v. *Turner*, 4 id., 471, are to the same effect.) The written agreement is part of same transaction, and relates back to deed. (*Crane* v. *Bonnell*, 1 Green, ch., 267 : 4 Kent's Com., 160.) It is immaterial that agreement ran to Pelton instead of plaintiff. (N. Y. Stat. at large, vol. 1, p. 677, § 53; *Roach* v. *Cosine* 9 Wend., 232; *Holmes* v. *Grant*, 8 Paige, 287; *Slee* v. *Manhattan Co.*, 1 Paige, 56; *Weed* v. *Stevenson*, 1 Clark, Ch., 166.) The absence of covenant to repay immaterial. (9 Serge & Rawle, 428; 2 Atk., 296; 2 Wash., 14; *Flagg* v. *Mann*, 2 Sumner, 534.) The transaction perfect as a mortgage without it. (1 R. S., 738, § 130; *Hove* v. *Fisher*, 2 Barb. Ch., 570.)

ALLEN, J. The action is for equitable relief, and especially for an accounting by the defendant for the rents and profits and the avails of the sale of lands in Brooklyn, conveyed by the plaintiff to the defendant by deed absolute upon its face, but which, the plaintiff claims, was intended as a mortgage, to secure a loan of money. In 1859, the plaintiff applied to the defendant for a loan of $10,000, upon the security of the property named, and after some negotiation, the sum required was advanced to the plaintiff, upon the delivery of an absolute deed of the property; the defendant, by an agreement, executed and delivered simultaneously with the deed, but bearing date a day or two later, covenanting to sell and convey the same property to Mr. Pelton, upon the payment by him, within one year, of $12,500 and interest thereon, together with all taxes and assessments upon the premises, which the defendant should have paid.

The premises greatly exceeded in value the consideration paid for the deed; the grantor, Horn, was embarrassed and straitened for money. Mr. Pelton, the covenantee in the defendant's agreement, was counsel for the plaintiff in the trans-

action, aiding him in procuring the loan; and his testimony, as well as that of the plaintiff, was that the agreement was taken by him for the use and benefit and as the agent of the plaintiff, and to avoid the question of usury which, it was supposed, Horn could make, if the agreement to reconvey was directly to him; and the judge has found, that the transaction took that form for that reason and no other, which is one circumstance tending strongly to show that the parties regarded the advance of the money as a loan, and the conveyance a mortgage.

The judge has found, upon testimony somewhat conflicting, but greatly preponderating, in connection with surrounding circumstances, in favor of the findings, that the advance of money was a loan, to be repaid at the end of one year; that the deed was delivered to and accepted by the defendant as a security for the repayment of the loan, with an additional sum agreed upon, and not as an absolute sale and conveyance of the property; and that the agreement for a conveyance to Pelton was for the benefit of the plaintiff, and in place of an agreement to reconvey directly to him, and for the reasons before stated, and that the papers were delivered simultaneously, and as parts of one transaction; and as a conclusion of law, it was adjudged that the plaintiff was entitled to the account demanded, the property having been sold, and a redemption impossible. It is now too late to controvert the proposition that a deed, absolute upon its face, may, in equity, be shown, by parol or other extrinsic evidence, to have been intended as a mortgage; and fraud or mistake in the preparation or as to the form of the instrument is not an essential element in an action for relief, and to give effect to the intention of the parties. The courts of this State are fully committed to the doctrine; and, whatever may be the rule in other States, here in passing upon the question, we have only to stand upon the safe maxim of *stare decisis.* It is not enough, in view of the fact, that the adjudications have entered into and controlled business transactions, and become a rule of property to authorize a reconsideration of

the questions, that the rule has been authoritatively adjudged otherwise as a rule of evidence in common-law courts, and that eminent judges have contended earnestly against its adoption as a rule in courts of equity. Notwithstanding their protests the rule has been, upon the fullest consideration, deliberately established, and cannot now be lightly departed from. The principle was recognized by the chancellor in *Holmes* v. *Grant* (8 Paige, 243.) Although it was not applied in that case, and had been before asserted under like circumstances in *Robinson* v. *Cropsey* (2 Edw. Chy. R., .138); affirmed (6 Paige, 480).

It was expressly adjudged in *Strong* v. *Stewart* (4 J. C. R., 167), that parol evidence was admissible, to show that a mortgage only was intended by an assignment absolute in terms; and to the same effect is *Clark* v. *Henry* (2 Cow., 324); which was followed by this court in *Murray* v. *Walker* (31 N. Y., 399). In *Hodges* v. *Tennessee Marine and Fire Insurance Co.* (4 Seld., 416) the court says, that "from an early day in this State the rule that parol evidence is admissible for the purpose named, has been established as the law of our courts of equity, and it is not fitting that the question should be re-examined, and the cases in which it has been so adjudged are cited with approval." In *Sturtevant* v. *Sturtevant* (20 N.Y., 39), the same judge, pronouncing the opinion as in the case last cited, distinguishes between the case of a mortgage and trust, and it was decided, that while a deed absolute, in terms, could be shown to be a mortgage, a trust in favor of the grantee could not be established by parol. And see *Despard* v. *Walbridge* (15 N. Y., 374). The rule does not conflict with that other rule, which forbids that a deed or other written instrument shall be contradicted or varied by parol evidence. The instrument is equally valid whether intended as an absolute conveyance or a mortgage. Effect is only given to it according to the intent of the parties, and courts of equity will always look through the forms of a transaction and give effect to it, so as to carry out the substantial intent of the parties.

It is not objected that the agency of Pelton for the plaintiff

in the transaction could not be shown by parol; and that fact being established, the only question was, whether the agreement with Pelton, which was, in truth, with the plaintiff, was intended simply as an agreement to re-sell the premises at an advanced price, or a defeasance giving a right of redemption. The fact being established by competent evidence that the money advanced by the defendant was advanced as a loan, and not on the purchase of the lands, the relation of debtor and creditor was established, and that relation being established, it necessarily followed that the conveyance in connection with the agreement to re-convey, was intended by the parties as, and was a security for the debt, and the maxim, "once a mortgage, always a mortgage," secured the debtor a right of redemption until his equity was foreclosed by the judgment of a court of competent jurisdiction. (*Newcomb v. Borham*, 1 Vern., 7; *Clark* v. *Henry*, *supra*.)

That there was no agreement in the defeasance for the payment of the debt, is a circumstance entitled to considerable weight, as tending to show that the conveyance was not intended as a mortgage, and that the relation of debtor and creditor did not exist. But it is only one of several circumstances to be considered, and is not conclusive; and the judgment of the court below upon the question of fact, the decision of which involved the consideration of this and the other circumstances, and the whole evidence is conclusive. In *Conway's Exr's* v. *Alexander* (7 Cranch, 218), Ch. J. Marshall says: "The want of a covenant to repay the money is not complete evidence that a conditional sale was intended, but is a circumstance of no inconsiderable importance." And see Per Putnam, J., *Flagg* v. *Mann* (14 Pick., 467). The question in this as in every case was, whether the contract was a security for the re-payment of the money, or an actual sale, and the evidence fully sustains the judgment of the court below that it was a mere security. The judgment is favorable to the defendant. The security might properly have been invalidated for usury, and the plaintiff had judgment for the proceeds of the sale of the lands without deducting

the money lent. But equity has been done. The defendant has been repaid the money loaned, with interest, and the plaintiff has judgment for the residue of the purchase-money for which the mortgaged premises were sold, and the plaintiff does not complain.

The judgment must be affirmed.

All concur.

Judgment affirmed.