Rapallo, J.
The negotiation by which Bertine obtained the deed from the plaintiff was conducted wholly by Mr. Pinkney, the attorney of Bertine. There was no dealing on the subject between the plaintiff and Bertine, except through Pinkney. The evidence justifies the inference that the deed was received by Pinkney for Bertine in pursuance of the agreement made between Pinkney and the plaintiff, and delivered by Pinkney to Bertine. The agency of Pinkney was 'to collect the debt, not to purchase lands. When, under those circumstances, Pinkney delivered to Bertine the *280 deed obtained from the plaintiff, it was the duty of Bertine to inquire and of Pinkney to communicate under what arrangement the deed had been obtained. In the absence of any evidence to the contrary, the presumption is that these duties were performed. (2 Hill, 464.) If not, and Bertine received the deed blindly without receiving or making any inquiry, he must be deemed to have confided the whole matter to his attorney and adopted whatever arrangement the latter may have made to obtain the deed. The omission of the defendants to examine Pinkney, the agent of their testator, was a circumstance which the court had a right to consider in passing upon the questions of fact.
It was clearly proved that the arrangement between Pinkney and the plaintiff was that the deed was delivered merely as security for the debt which Pinkney was endeavoring to collect for Bertine, and that the right to redeem was reserved to the plaintiff. The admissibility of oral evidence to prove that a deed, absolute on its face, was intended as a mortgage, is now too well established by authority to admit of further discussion, arid the form of the agreement, as stated in the complaint and findings, was such as to require that the deed be treated in equity as a mortgage only. (Horn v. Keteltas, 46 N. Y., 605 ; Stoddard v. Whiting, 46 id., 627.) The finding of the referee, that the deed was delivered by the plaintiff to Bertine as security only, is supported by evidence, and as the judgment of reversal rendered at General Term does not state that the reversal was upon any question of fact, the weight of the evidence cannot be considered here.
Hpon the facts found, the plaintiff had a right to redeem the land from Bertine or his heirs. But as it was conceded on the trial that Bertine had conveyed to a iona fide purchaser, without notice of the plaintiff’s rights and no redemption could therefore be had, the plaintiff became entitled to compensation. The measure of this compensation is the only remaining question in the case. The referee to whom it was referred to ascertain the amount, based his report upon the value of the property at the time of the hearing before him, *281 which he found to he $14,500, from which he made the deductions to which the defendants were entitled. He rejected evidence of the amount for which Bertine had sold them some five years previously. In this we think the referee committed no error. The sale was shown to have been made without the consent of Meehan and in violation of his rights, and it does not appear that the plaintiff ever had notice of it. He was not bound by such a sale. He was entitled to his land, on payment of the amount due to Bertine or his representatives. If Bertine, by reason of his own wrongful act, had deprived himself of the ability to restore the land to which the plaintiff is equitably entitled, he or his representatives were bound to account to the plaintiff, at his election, either for the proceeds of sale of the land, or its value at the time when the plaintiff’s right to such reparation was established. (Hart v. Ten Eyck, 2 Johns. Ch., 117; Peabody v. Tarbell, 2 Cush., 227, 233; May v. Le Clair, 11 Wall., 236, 237.) In Hart v. Ten Eyck (supra), Chancellor Kent prefers the time of the commencement of the suit as the period at which the value should be ascertained, but all the cases cited concede that the plaintiff is not limited to the proceeds of the wrongful disposition, and that is the only point raised in the present case.
The order of the General Term must be reversed, and the judgment of the Special Term affirmed, with costs.
All concur.
Order reversed, and judgment acordingly.