## THE BOWERY NATIONAL BANK, RESPONDENT, *v.* WILLIAM B. DUNCAN AND OTHERS, APPELLANTS.

*Purchase of real estate to be held to secure advances — right of redemption — vesting of, in heirs and widow of equitable owner — right of action in judgment creditor.*

In 1866 the defendant Duncan, in pursuance of an agreement made with one Bainbridge, purchased certain real estate at a sale under a judgment in partition with the understanding that he should hold the title thereto as security for the purchase-price and for advances made to Bainbridge, upon payment of which the property should be conveyed to the latter. In 1871 Bainbridge died, and in and prior to 1873 Duncan sold the property and applied the proceeds thereof to his own use. This action was brought by the plaintiff, as assignee

of a judgment recovered against Bainbridge in 1870, to compel Duncan to pay the same from the proceeds of said sale.

*Held,* that although the conveyance to Duncan by the referee was absolute in form, Bainbridge was the equitable owner of the property and entitled to redeem the same upon payment to Duncan of the advances made by him.

That, upon Bainbridge's death, the right so to redeem passed to his heir at law, subject to the right of dower of his widow.

That, upon the sale of the lands in 1873, a right of action against Duncan to recover the balance remaining, after paying his advances, vested in the said heirs at law and widow.

That the plaintiff, as the assignee of the judgment, had an equitable lien on the lands for the amount of his debt, and that he was entitled to maintain this action to recover the same.

Bainbridge died intestate as to his real estate and his widow and heir at law were parties defendant to this action. *Held,* that the judgment properly directed that out of the surplus remaining, after the payment of the plaintiff's claim, there be paid to the widow a gross sum in lieu of her dower, and that the balance be paid to the heir at law.

That the recovery in this case was properly measured by the amount for which Duncan sold the lands; that the fact that a portion of such amount consisted of certain securities which he took on such sale did not require the parties adverse to him to pursue such securities.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought by the plaintiff as a judgment creditor of Richard Bainbridge, deceased, to have a deed of certain premises executed and delivered to defendant William B. Duncan declared to be held by said Duncan to secure the repayment to him by Bainbridge of the purchase-money and certain advances to be thereafter made by said Duncan to said Bainbridge.

J. Elliot Condict and others commenced an action in this court against Richard Bainbridge, in which a judgment for $5,350.13 was obtained October 6, 1870. After the commencement of the action the cause of action was duly assigned to Vanderlip and Taylor, who, in 1872, assigned it to the plaintiff in this action.

Richard Bainbridge died in 1871 leaving a last will and testament, which was admitted to probate before the surrogate of Queens county September 11, 1871. He left him surviving an only son, the defendant Henry P. Bainbridge (also an executor of his will), and defendant Jane Bainbridge, his wife. As to his real estate he died intestate.

The property described in the deed which it was sought to have declared a mortgage was situated at Far Rockaway, Queens county, Long Island, and comprised about seventeen and one-half acres of land.

The plaintiff claimed that Duncan purchased the property under an agreement, by which he was to hold the legal title thereto until Bainbridge should repay the purchase-price and other advances made by him to Bainbridge. The property in question was sold by Duncan in or prior to the year 1873, and mortgages were taken to secure a portion of the purchase-price.

The judgment directed:

"Third. That defendant Duncan is to be charged with the net amount received upon the sales of said property, to wit, the sum of $37,936.52, with interest thereon from July 21, 1873, to the date of this report, amounting together to the sum of $46,374.74. That he is to be credited thereon with the amount of his advances to December 31, 1872, to wit, the sum of $14,114.42, with interest thereon to the date of this report, amounting together to the sum of $17,795.56, leaving a balance of $28,579.18.

Fourth. That plaintiff recover from the defendant Duncan the sum of $5,350.13, with interest from October 6, 1870, to date of this report, amounting in all to $7,583.33.

That defendant Jane Bainbridge, the widow of Richard Bainbridge, recover from defendant Duncan the sum of $3,696 as her dower in said premises. That the defendant Henry P. Bainbridge, the sole heir at law of Richard Bainbridge, recover from the defendant the sum of $17,299.85, and that judgment be entered herein accordingly with costs to the plaintiff herein."

*W. W. MacFarland,* for the appellants.

*Sewell & Pierce,* for the respondent.

GILBERT, J.:

The referee has found that it was the intention, understanding and agreement between the defendant Duncan and Richard Bainbridge, that Duncan should purchase the Rockaway property at the sale which was made under the judgment in partition for the benefit of said Bainbridge, and that the conveyance thereof should

be held by Duncan as a security for the repayment to him of such sums of money as he should pay out and advance in making such purchase, and such as he should thereafter advance to Bainbridge.

The finding is abundantly sustained by the evidence. Indeed, we think, a conclusion that Mr. Duncan did not hold his title as security for Bainbridge's indebtedness to him, would have been plainly erroneous. Duncan, therefore, acquired such title by the assent of Bainbridge, and as security merely for his debt. That is all that is requisite to constitute a mortgage. It is not necessary that the conveyance to Duncan should have been made by Bainbridge. Mr. Cogswell, the referee, was only an officer of the court, having no estate, legal or equitable, in the land, and the conveyance made by him, operated only to transfer the estates of Bainbridge and his co-tenants. Under the agreement found by the referee, Bainbridge, became the equitable owner of the land, and the conveyance by which Duncan held the legal estate therein, was in equity a mortgage. The principle here asserted has been often adjudged, and is conclusively settled by authority. (*Brown* v. *Lynch,* 1 Paige, 147; *McBurney* v. *Wellman,* 42 Barb., 390; *Tibbs* v. *Morris,* 44 id., 138; *Sahler* v. *Signer,* id., 606; *Brown* v. *Jones,* 46 id., 400; *Umfreville* v. *Keeler,* 1 N. Y. Sup. [T. & C.], 486; *Hemans* v. *Lucy,* id., 523; *Ryan* v. *Dox,* 34 N. Y., 307; *Stoddard* v. *Whiting,* 46 id., 627; *Carr* v. *Carr,* 52 id., 251.) In all of the cases cited the right to redeem was upheld. In some of them it was put upon the ground of preventing fraud, by declaring the grantee of the legal estate a trustee. But it is quite immaterial whether a person to whom a court of equity accords the right to redeem is called a mortgagor, or a *cestui que trust.* Nor is it material that no liability to pay the mortgage debt existed against Bainbridge. (1 R. S., 738, § 139; *Hone* v. *Fisher,* 2 Barb. Ch., 559.) The form of the agreement by which the right of redemption is conferred, is of no importance. It may be in the form of a conveyance upon trusts, or upon condition, or with a covenant to reconvey. (*Farmers' Loan and Trust* v. *Carroll,* 5 Barb., 613; *Lawrence* v. *Farmers' Loan and Trust Co.,* 3 Kern., 200; *Peterson* v. *Clark,* 15 Johns., 205.) And in this State, whatever may be the rule in other States, the agreement need not be in writing. On the contrary an absolute conveyance may be proved

by parol evidence to have been intended as a security, and to be in reality a mortgage. (*Hodges* v. *Tenn. M. and F. Ins. Co.*, 8 N. Y., 419; *Horn* v. *Keteltas*, 46 id., 605.)

It is alleged in the complaint that Bainbridge died in July, 1871. That is not denied. His will was put in evidence by which it appears that, as respects his real estate, he died intestate. At that time Duncan had sold a part of the lands in controversy, and had received the proceeds of the sales. Such proceeds were applicable, and were in fact applied, to the reduction of Bainbridge's indebtedness to Duncan. That part of said lands which remained unsold when Bainbridge died, descended to his heirs (1 R. S., 751, § 1; id., 754, § 27), subject to Duncan's lien as a mortgagee, and subject also to the dower of Mrs. Bainbridge. Either the heir or the widow might redeem (*Swaine* v. *Perine*, 5 Johns. Ch., 491), but a redemption by the heir would have extinguished the mortgage. (*Holmes* v. *Holmes*, 3 Paige, 363.) It appears that after the death of Bainbridge, and in the year 1873, Duncan sold all the remaining lands and received the proceeds of such sales. This was in legal effect a conversion of the property of the heir, and at once gave to him a right of action for the recovery of the value of the lands sold, or the proceeds of such sale after applying the balance of the indebtedness, for the security of which Duncan held the lands, for the equity of redemption was destroyed by such sale illegally. That could be cut off without a breach of duty on Duncan's part, only by a strict foreclosure or a foreclosure and sale. (*Horn* v. *Keteltas*, 46 N. Y., 611, 612; *Stoddard* v. *Whiting*, id., 633.) Such proceeds did not pass to the executor of Mr. Bainbridge, deceased, nor could he have maintained an action to recover the same. The widow had a cause of action for the value of her dower in said lands, for the obligation of the mortgage debt rested solely upon the heir. (1 R. S., 749, § 4.) The plaintiff, who is the assignee of a judgment recovered against the deceased Mr. Bainbridge, also had an equitable lien on such lands for the amount of his debt. That result is produced by the fact that the deceased Mr. Bainbridge was, in equity, the owner of the lands in his lifetime. If the legal estate therein had been vested in accordance with the real nature of the transaction between him and Duncan, the plaintiff would have had a legal lien thereon. But Duncan

held the legal estate for the use of Bainbridge, and the latter was in possession. Such an interest is made liable to judgment and execution by statute. (2 R. S., 368, § 26 ; *Garfield* v. *Hatmaker*, 15 N. Y., 475, 481.) Moreover in administering assets derived from the sale of lands held by a person for the use of a judgment debtor, creditors are entitled to the same interest in such assets that they would•have had in the lands, if the legal estate therein had been vested in the debtor. (*Averill* v. *Loucks*, 6 Barb., 19.) A debtor cannot defeat the rights of creditors by concealing his ownership of lands. Equity follows the law. The instant it was adjudged that the relation between Duncan and the deceased Mr. Bainbridge was that of mortgagor and mortgagee, the plaintiff would have been entitled to have his judgment declared a lien on the lands if the title thereto had then been held by Duncan. But the latter had conveyed the lands divested of that lien, and he was enabled to do so by the mere facts, that he held the legal estate, and that the purchasers from him took their respective titles without any notice that he held the lands as mortgagee only. While a court of equity cannot interfere with the rights of such purchasers, it can do no less than impose on the proceeds of the lands the liability which would have attached at law upon the lands, if they had not been sold. The consequence of holding otherwise would be to enable the widow to bring a suit to obtain a part of such proceeds equal to the value of her dower, and the heir to bring another suit to obtain the residue thereof, and then to turn the plaintiff over to his remedy against the heir, under the provisions of article 2, title 3, chapter 8, part 3 of the Revised Statutes. (2 R. S., 450, *et seq.*) Such circuity of action is wholly unnecessary, and it has been avoided by the judgment in this action.

It does not appear that there is any other person who has a lien on such proceeds, and no objection for want of parties was taken. The omission of the defendent Duncan to take that objection dispenses with the necessity of considering whether the plaintiff is the only person who may have a lien on the fund or not. The defendant Duncan cannot be heard in complaint of the judgment, so far as it relates to the interests in the fund of the other defendants. They do not complain, and his interests are in no way affected by that part of the judgment.

We see no objection to the form of the judgment. It does no more than determine the ultimate rights of the parties. Such a judgment is in accordance with the practice of courts of equity, and was expressly permitted by statute. (Code of Proc., § 274.) We think the recovery was properly measured by the amount for which Duncan sold the lands, and that there was no obligation on the parties adverse to him to pursue the securities which he received on the sale thereof, and that their right of recovery ought not to be defeated because securities were taken instead of money.

The objections to the admission in evidence of the will of Mr. Bainbridge deceased, and the letters testamentary annexed thereto, we think, are untenable, but if tenable, no objection lies to the ruling on such objections, for the reason that the ground thereof was not stated, and if it had been it might have been obviated. (*Murphy* v. *People*, 63 N. Y. 594, and cases cited on page 595.)

The judgment must be affirmed with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.