| 24 451 |
| 71 415 |

LEORA BRUMFIELD, by Guardian, Appellant, v. HANNAH BOUTALL, Respondent.

*Instruments executed at the same time are to be read together — When a deed will be treated as a mortgage — When a purchaser is chargeable with notice of an unrecorded conveyance.*

In April, 1874, Erastus Brumfield died, having theretofore entered into an agreement for the purchase of certain land for the sum of $8,160, of which amount $500 had been paid. He died intestate, leaving him surviving his widow Amy, and two daughters, Evaline and Leora. Thereafter the land was conveyed to one Kennedy, who paid in cash $3,500 of moneys belonging to the estate of Brumfield, and gave back his own bond secured by a mortgage upon the land for the balance, $4,756.75. At the time of receiving the deed Kennedy executed and delivered a declaration of trust, reciting that the cash had been advanced by and that he held the land in trust for the said Amy, Evaline and Leora, and that

he had given the said bond and mortgage, and agreeing that upon the demand or request of the said Amy, Evaline and Leora he would convey the land to them in the proportions to which they were by law entitled to it, subject to the said mortgage, upon being first repaid any sums he might have paid upon it, and being secured against any liability thereon. This declaration of trust was not recorded. Kennedy having subsequently conveyed the land to Amy and Evaline, and they having sold the same to the defendant, this action was brought by Leora to have her interest in the premises ascertained and declared.

*Held*, that the deed and the declaration of trust were to be read together, and that upon so considering them it was evident that the deed to Kennedy was intended to be, and that it should be treated as a mortgage, and that when so construed there was nothing in the statute of uses and trusts rendering the instruments or either of them invalid.

The facts which will put a purchaser of land upon inquiry, and which will charge him with knowledge of equities arising from unrecorded instruments, considered and held to exist in this case.

APPEAL by the plaintiff from a judgment, entered in Wayne county, upon the decision of the Special Term, after a trial before that court dismissing the plaintiff's complaint.

The action was brought by the plaintiff, an infant of the age of sixteen years, to have her interests ascertained and declared in certain lands situated in the said county, and described in the complaint. The defendant claimed to have purchased the land for value and without any notice of the plaintiff's rights, and without notice sufficient to put her upon inquiry in respect to them. The farm was owned by James J. Brumfield in 1871, at the time of his death, he being the grandfather of the plaintiff. The lands were sold by the executors and purchased by Erastus Brumfield in his lifetime for $8,160, he paying $500 towards the purchase price, and taking a receipt therefor in January, 1874. In April, 1874, Erastus Brumfield died, intestate, leaving Amy Brumfield, his widow, and two daughters, Evaline Brumfield and Leora Brumfield (the plaintiff), him surviving. After Erastus' death the balance of the purchase price was paid out of moneys belong to his estate and in which the plaintiff had an interest, and the executors conveyed the premises June 5, 1874, to William D. Kennedy, and said Kennedy executed a declaration of trust which bears the same date June 5, 1874, as the executors' deed to Kennedy. The deed to Kennedy was recorded July 23, 1874. The declaration of trust was executed in the presence of J. P. Varnan, a subscribing witness, though it was not acknowledged

until September 27, 1877, and not recorded until after the commencement of this action. The declaration of trust referred to the deed and recited that $3,500 in cash was paid by Amy Brumfield (widow), and Evaline and Leora Brumfield, and that no part of the cash payment was made by Kennedy, and it declared the legal title to the land was conveyed to him to be held in trust by him "for and in behalf of said Amy, Evaline and Leora Brumfield, to be hereafter conveyed to them by me."

It also stated that to secure the balance of the purchase money of said real estate, to wit, $4,756.75, and the payment to said executors, "the trustee had given his bond which was secured by a mortgage of said real estate." Thereafter followed the words, viz.: "Now, therefore, I, William D. Kennedy of Cleveland, Ohio, do hereby declare that I hold the title of said land in trust as aforesaid, and that I will upon demand or request by the said Amy, Evaline and Leora, convey by good and sufficient deed or deeds to them, in the proportions to which they are by law entitled to the same, the said land or real estate, subject to the said mortgage, and to any other liens now existing, they first to repay to me any and all sums of money that I shall or may pay or have paid upon said bond and mortgage (if any), with interest thereon from the time of such payment, and to indemnify me from and against any and all liability I may incur, suffer or be put to by reason of said bond and mortgage aforesaid."

Kennedy, the trustee, held the title to the lands until about the 18th of April, 1876, when he conveyed the premises to Amy (the widow) and Evaline by a deed, absolute on its face, making no reservation, whatever, of the plaintiff's interest. This deed was recorded April 21, 1876. November, 18, 1876, Amy and Evaline conveyed the premises to the defendant, in exchange for certain property situated in Cleveland, Ohio. This deed was recorded April 4, 1877. The negotiation for this exchange was conducted by John Boutall, the husband of the defendant, who acted as the agent for the defendant in the purchase and sale, and it was claimed that such agent was advised as to the rights of the plaintiff, or at least had notice sufficient to put him upon inquiry. The court held that the defendant was chargeable with all the notice that was given to John Boutall, her agent, and " that the defendant, by her purchase, took

and holds the absolute title in fee of the premises in question, freed from any claim, lien, right or title of the plaintiff therein," and dismissed the complaint with costs.

*Dudley, Dennison & Dudley*, for the appellant.

*S. B. McIntyre*, for the respondent.

HARDIN, J.:

The deed of the executors of James J. Brumfield to William D. Kennedy of June 5, 1874, and the declaration of trust executed by Kennedy that day to Amy, Evaline and Leora must be construed together as between the parties named therein.

The consideration which was paid to the executors for the lands belonged to Amy, Evaline and Leora. They had succeeded to the rights of Erastus Brumfield to the extent of the $500 paid by him in his lifetime, and the moneys paid by the widow and children. They had an interest in the lands at the time the conveyance was made to Kennedy, to wit, $3,500; and when the deed and declaration of trust are read together and considered, it is apparent that the deed to Kennedy was given to, and should be treated as a mortgage, to secure him for the liability which he incurred by reason of the execution of his bond for $4,756.75, and the mortgage collateral thereto, and also to secure him all sums which he should pay towards said lands or any other lien thereon. (*Horn* v. *Ketletas*, 46 N. Y., 605; *Fullerton* v. *McCurdy*, 55 id., 637.)

After satisfying such sums and liabilities, Kennedy was to convey the lands to Amy, Evaline and Leora "in the proportions to which they are by law entitled to the same, subject to the mortgage, and other liens existing thereon."

Thus construed we then see nothing in the statute of uses and trusts rendering the instruments or either of them invalid. (3 R. S. [5th ed.], 15; *Manice* v. *Manice*, 43 N. Y., 303; *Corse* v. *Leggett*, 25 Barb., 389.)

The husband of the defendant went from Cleveland, Ohio, to Wayne county "at her suggestion," and examined the farm, and commenced a negotiation for the same with Amy and Evaline, and thereafter the exchange was consummated. He was then acting

for his wife. She had the title to the Cleveland property, and took a conveyance of the lands described in the complaint. She acted through her husband as her agent, and the notice or information in respect to the title to the lands in question given to the agent must be treated as notice and information given to the defendant. (*Ingalls* v. *Morgan*, 6 Seld., 184, and cases cited.)

We now come to the question as to what notice the defendant received through her agent in respect to the title and ownership of the lands in question.

There was a conflict in the evidence as to what notice of information was given to the defendant's agent in respect to the title. Upon the conflict the learned trial judge has found favorable to the defendant.

That finding is not conclusive upon us. We are to give to it such consideration as we think it fairly entitled to; but it is our duty to consider the whole evidence and conclude therefrom whether the finding justly draws the proper conclusion from the evidence. (*Moran* v. *McLarty*, 75 N. Y., 25.)

Evaline Brumfield and Leora, the plaintiff, gave direct and positive testimony that in the interview had with the defendant's agent, he was informed that the land had been conveyed to Kennedy in trust, and that they offered to get the papers while he was then in the house and show them to him, and that he declined or omitted to look at them and that he was informed of the history of the title. There is some corroboration of their testimony furnished by the evidence of Mr. Dudley, who held a conversation with the defendant and her husband before this action was brought.

The husband of the defendant contradicts the evidence so given to support the affirmation of notice. His wife denies that she had any actual knowledge of the trust in favor of Leora, the plaintiff. But as we look into the evidence of the husband, we find that he, in the interview as to the lands, held when he visited the farm for the purpose of examining it, and while negotiating for it, admits the interview to which Evaline and Leora refer to in their evidence.

He also admits that he learned while there that the farm formerly belonged to the plaintiff's grandfather, and that he knew it was "a farm that had been in the possession of the Brumfield family for years," and that he "was told that;" that he understood that Evaline

and Leora were the children of Erastus, and that he saw Mrs. B. and knew she was the widow of Erastus; that Evaline told him that her father, Erastus, had "partially· *inherited the farm*, and that his father had died soon after the partial inheritance;" that something was said about Leora by Evaline at the time of making the bargain, and about there being a trust, etc.

Considering the evidence of this witness in connection with that given by the plaintiff, we think a more reasonable conclusion to be drawn from the whole, that the agent of the defendant derived such information and notice of the rights of the plaintiff as would put a prudent man upon inquiry as to her interests in her father's estate, as to her interest in the inheritance of her father. The most natural inquiry of a prudent man would have been, was Leora's interest directed cut off, or worked out of her father's estate?

The information disclosed to the husband of the defendant was such as was sufficient to put him upon inquiry to ascertain what his interests were. If he had prudently looked at the deed to Kennedy and the declaration of trust given contemporaneous with the deed, he would have discovered the true state of the title. We think he was negligent in not so doing, and that the defendant was not a purchaser in good faith without notice. (*Williamson* v. *Brown*, 15 N. Y., 366; cited, 56 id., 520; *Brown* v. *Volkening*, 64 id., 76.)

He was put upon inquiry, and omitted to pursue the proper investigation with due diligence. That would have led to knowledge of the trust declaration — to the true interest of Leora in the premises.

The defendant was not, therefore, a purchaser in good faith without notice. (*Stearns* v. *Gage*, 79 N. Y., 102; 23 Alb. Law Jour., 132; *Baker* v. *Bliss*, 39 N. Y., 70; *Fullerton* v. *Viall*, 42 How., 294.)

We recognize the rule that such notice must be found upon "clear and strong circumstances," and we think the evidence and circumstances answer the requirements of the rule.

In the opinion delivered by the trial judge we find it stated that such notice was given to the agent of defendant as we have assumed to have been given, and it is then added that such notice was sufficient to put him upon inquiry as to the existence of any right or title in conflict with the one he was about to purchase. We can-

not assent to such a view of the case. We think it was just such a notice as would have awakened the diligence of a prudent man; and that if the diligence had been exercised it would have led directly to an understanding that Leora, the infant, had some interest and right in the inheritance of her father, and that it had not been rightfully taken from her by any legal or other proceedings sufficient in law to bar her.

There could be no estoppel as she was an infant. (*Sherman* v. *Wright*, 49 N. Y., 231; *Chapin* v. *Shafer*, 49 id., 407.)

When the plaintiff's father died intestate he had acquired an equitable interest in the lands, entitling him as purchaser to receive the fee upon payment of the remaining unpaid purchase-money. The plaintiff by inheritance acquired an interest in said lands, and the facts and circumstances disclosed in the trial clearly indicate that the defendant, through her agent, was chargeable with notice of such interest, and the defendant, therefore, is not in a situation to deprive the plaintiff of her inheritance.

If the defendant has suffered by any fraud practiced by the widow and Evaline, the remedy is by an appropriate action.

The rights of the plaintiff in the lands must be protected.

Judgment reversed and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.