## MARY SIMON, RESPONDENT, *v.* WILHELMINA F. SCHMIDT, APPELLANT.

*Conveyance of property by a deed intended as a mortgage — an agreement that the right of redemption shall cease at a specified time will not destroy the right to redeem — as to the duty of the grantee to inform the grantor of the amount claimed to be due for expenditures — res adjudicata.*

This action was brought to obtain a decree adjudging a certain paper, purporting to be a deed, to be a mortgage, and to permit the plaintiff to redeem the premises described therein. At the time of the execution of the deed an agreement was entered into between the parties by which the defendant, the grantee, agreed to reconvey the property upon the payment of the amount of a mortgage existing in her favor, together with the consideration money paid by her, and all money paid out and expended and thereafter to be paid out and expended on account

of said premises for interest, taxes, Croton water rents, insurance premiums, necessary repairs of said premises and payment of the first mortgage then upon said premises, with interest on all such moneys paid out at seven per cent less the amount received by the party of the first part for rents of said premises after first deducting from such rents the costs and expenses for collecting the same. The agreement provided that the right, thus secured to the plaintiff, to redeem should continue for three years. "But it is expressly understood and agreed by and between the parties to this agreement, that the said deed to the party of the first part is and shall remain an absolute not a conditional conveyance, and that on and after July 1, 1881, this agreement shall be void."

*Held*, that as it was intended that a right to redeem should be reserved to the plaintiff, the deed, though absolute in form, was in fact a mortgage, and that assuming it to be such it was impossible for the defendant to become absolutely vested with the fee unless by a new conveyance, or a foreclosure of the mortgage created by the agreement of the parties.

That the clause inserted in the agreement attempting to define the nature of the deed should be rejected as utterly inconsistent with the relations existing between the parties and as surplusage.

*Quære*, as to whether if the agreement had contained a proviso that if, upon the expiration of three years, the payments contemplated by it were not made, the conveyance should then become an absolute transfer in fee without the necessity of resorting to any court of justice for the purpose of carrying out its provisions, the fee might be held to have vested absolutely.

*Quære*, as to whether the defendant should not have made a demand upon the plaintiff for the payment of the lien, as from the license given to the defendant in the matter of expenditure it would seem to be impossible that she should know the amount due from her unless in some manner advised thereof. *Miller* v. *McGuckin* (15 Abb. N. C., 204).

That a judgment, in a former action between the same parties, sustaining the defendant's demurrer with leave to plaintiff to amend, upon the ground that the plaintiff was bound to make certain payments, and that he did not offer to do so, did not make the question *res adjudicata* in this action.

APPEAL from an interlocutory judgment of the Special Term, adjudging a deed from the plaintiff to the defendant to be a mortgage.

*L. S. Goebel*, for the appellant.

*A. J. Dittenhoefer*, for the respondent.

BRADY, J.:

This action was brought to obtain a decree adjudging a certain paper writing, purporting to be a deed, to be a mortgage and to permit the plaintiff to redeem the premises. At the time of the

execution of the deed an agreement was entered into between the parties by which the defendant, the grantee, agreed to reconvey the property upon the payment of the amount of a mortgage existing in her favor, together with the consideration money paid by her and all moneys paid out and expended, and thereafter to be paid out and expended on account of the premises for interest, taxes, Croton water rents, insurance premiums, necessary repairs of the premises and payment of the first mortgage now upon the premises, with interest on all such moneys paid out at seven per cent, less the amount received by the party of the first part for rents of the premises after first deducting from such rents the costs and expenses for collecting the same. And this right thus secured to the plaintiff was by the agreement to continue for three years, and there was inserted in the agreement this clause:

" But it is expressly understood and agreed by and between the parties to this agreement that the said deed to the party of the first part is and shall remain an absolute not a conditional conveyance, and that on and after the first day of July, one thousand eight hundred and eighty-one, this agreement shall be void."

It is not disputed that the conveyance, notwithstanding its absolute form, was a mortgage for at least the period of three years already mentioned, and so the learned justice in the court below found, and so expressed himself in the opinion delivered, but he gave a judgment in favor of the plaintiff upon the proposition that the right to redeem was intended to be reserved, and thus the deed was held to be in legal effect a continuing mortgage. Assuming it to be such, it was impossible for the defendant to become absolutely vested with the fee unless by a new conveyance or a foreclosure of the mortgage created by the agreement of the parties, notwithstanding the form of the instrument as already indicated, by which it was conveyed to the defendant.

It appears that a former action was commenced by the plaintiff, and that the defendant interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Upon the argument of that demurrer Justice VAN VORST pronounced judgment in favor of the defendant, with leave to amend on payment of costs. He discussed the agreement made with the conveyance, and as by its terms the plaintiff was required to make,

certain payments before she could assert her right to a reconveyance, and did not offer to comply with those terms, he based his judgment evidently upon that omission. He said : " Upon making such payment within the time limited the grantee was entitled to have the property reconveyed to her. Such is the agreement of the parties, and by its terms they must abide. The court can substitute no other in its place. The grantee has neither paid nor offered to pay, and does not in her complaint offer to pay, the sums or any of them, which she was bound to pay to entitle her to a reconveyance."

Unless the learned justice thought that an amendment of her complaint would have brought the case within the doctrines of equity jurisprudence, he would have ordered judgment absolute. The general character of the opinion is unmistakable in its intention to declare that if the offer to pay the amount had been made by the plaintiff she would have an advantageous *status* in court. Indeed he said : " In cases of doubt even, a court of equity favors a conclusion which confers the right to redeem, and will not hold a conveyance absolute when it can be upheld as a mortgage." This demurrer is referred to for the reason that the defendant seems to think that the question involved is *res adjudicata* arising upon the judgment pronounced by the learned justice to which reference has just been made.

The proposition announced by the learned justice, who presided in this case, which is substantially that once a mortgage always a mortgage, cannot well be disputed on account of the peculiar characteristics of the agreement accompanying the deed. It declares, notwithstanding the agreement to the contrary, and to the contrary in the most express terms that the deed shall remain an absolute and not a conditional conveyance, and that upon a day named, which is after the expiration of the three years provided for, the agreement should be void. The object of this provision was doubtless to defeat the equitable proposition already referred to, namely, that once a mortgage always a mortgage, and this portion of the agreement should be rejected as utterly inconsistent with the relations existing between the parties and as surplusage. The agreement made the conveyance a mortgage and, therefore, it could not by any such clause be converted into an absolute conveyance. If the agreement had contained a proviso that if, upon the expiration

of the three years, the payments contemplated by it were not, made, the conveyance should then become an absolute transfer in fee without the necessity of resorting to any court of justice for the purpose of carrying out its provisions, it is possible, though questionable, that the fee might be held to have vested absolutely. But there is no provision of that kind, and there is nothing in the agreement which sustains the right of the grantee, without resort to proper proceedings therefor, to establish the conveyance executed as an absolute one.

In *Horn* v. *Keteltas* (46 N. Y., 605), which seems germane to the subject, the Court of Appeals said : " It is now too late to controvert the proposition that a deed absolute upon its face may in equity be shown by parol or other extrinsic evidence, to have been intended as a mortgage ; and *fraud or mistake in the preparation or as to the form of the instrument is not an essential element in an action for relief and to give effect to the intention of the parties.*"

It may be further remarked that there is no evidence of any demand made upon the plaintiff for the payment of the lien, which would seem to be essential as from the license given to the defendant in the matter of expenditures it would seem to be impossible that she should know the amount due from her unless advised in some form. In *Miller* v. *McGuckin* (15 Abb. N. C., 204), which was in some respects kindred to this case, the provision was that the amount should be refunded at the expiration of one year, and it was held that the strict observance of the time so designated was not made an essential part of the agreement, and it was suggested that no proceedings whatever were at any time taken by the defendant to extinguish the right of the plaintiff to a reconveyance; the learned court in that case saying that the defendant " neither presented his account showing the rents and profits received by him, or the expenditures made by him, nor called upon the other party to fulfill the agreement by refunding any sum which might have become due to him for advances he had made. And without a statement of account including such items, he was not in a situation to insist upon a settlement of any claims which might be made by him, or a forfeiture of the right of the equitable owner of the property to receive the title."

It may be said, in conclusion, that a Court of Equity will not, in

the exercise of its protective power, prevent a redemption unless under all the circumstances disclosed there can be no doubt whatever that such a privilege was not in contemplation of the parties contracting or could not be fairly asserted to have sprung out of the relations existing between them.

The appellant complains that interest and costs were charged against her. The first action was, however, commenced within a very short period after the expiration of the three years and the defendant chose to rely upon the strict and literal enforcement of the express terms of her contract, rejecting all equitable considerations.

Judgment should be affirmed.

DANIELS, J., concurred.

Judgment affirmed.