Barnard, P. J.
It is now well settled that a deed absolute on its face may be shown to be a mortgage. Horn v. Keteltas, 46 N. Y., 605.
There is another rule equally well established that a written contract is deemed to contain all the agreements made between the parties.
If it be proven that a portion of the agreement was not included in the writing, there is a class of cases "which permits paroi proof to be given to supplement the agreement in these respects. When in the tight of surrounding circumstances the agreement is intended to express the whole contract, it will be conclusively presumed to do so and oral evidence "will not be received to vary it. Eighmy v. Taylor, 98 N. Y., 288; Marsh v. McNair, 99 id., 174. The case presented falls within the rule established in those cases.
There was a disagreement between husband and wife and the result was an agreement. By it a quit-claim deed was given. The agreement is full and manifestly in view of the relation and situation of the parties contained all the agreement. The trustee who took the quit-claim deed took it under this paper and his declaration that the deed was intended as security in any other sense than is provided for by the paper cannot be received. What the paper means is not now before us.
It was decided by the court that the reversionary interest of the grantor, husband, passed to the trustee entirely by the deed under the terms of the paper between the husband and wife.
Unless that decision is passed upon by the court of appeals we must follow the rule as laid down on that appeal.
Judgment affirmed, with costs.
Dykman and Pratt, JJ., concur.