### BABCOCK v. STIMMEL.

*(Supreme Court, General Term, First Department.* October 24, 1890.)

EQUITY—PRACTICE—USURY—WHAT CONSTITUTES.

　　　Defendant having instituted summary proceedings to remove plaintiff from land, possession of which defendant claimed under an agreement between them, plaintiff sued to restrain the prosecution of such proceedings, and to obtain a conveyance of the land, alleging that the agreement was void for usury. It appeared from plaintiff's testimony that he, having agreed to purchase the land from a third party, applied to defendant for a loan to enable him to pay part of the price, and agreed to pay defendant usurious interest; and, in order to avoid the effect of the law against usury, the written agreement in question was made. The agreement was, in form, a contract of sale by plaintiff, and of purchase by defendant, with an agreement by the latter to sell to plaintiff, within a certain time, for a specified price; but the amount to be advanced by defendant, and the amounts reserved by him, and the time allowed to plaintiff, were the same as in the alleged agreement for the loan. Plaintiff was corroborated by testimony that defendant had said to the witness that he had made a loan on the property to plaintiff; and it appeared that plaintiff had made repairs on the property as required by the agreement, and had paid interest becoming due on mortgages thereon. *Held,* that on this evidence the court might well have found that a loan only was intended; that the fact that part of the money advanced was to be paid directly to plaintiff's vendor did not divest the transaction of the character of a loan; and that it was error to dismiss the complaint at the close of plaintiff's evidence, as such dismissal was, in effect, to hold the evidence too defective and inconclusive to be considered.

Appeal from special term, New York county.

Action by Hamlin Babcock against John Stimmel to restrain the prosecution by defendant of summary proceedings brought by him to recover from plaintiff the possession of certain real property, and to compel a conveyance of the property to plaintiff. At the trial, the complaint was dismissed at the close of the evidence for plaintiff. From the judgment entered thereon, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wales F. Severance* and *Hamilton Odell,* for appellant. *W. Bourke Cochran,* for respondent.

DANIELS, J. The plaintiff became the purchaser of 12 lots of land situated on Eighty-Eighth and Eighty-Ninth streets, 100 feet easterly of Avenue B, in the city of New York. The sale of them was made by James W. Smith, as sole surviving administrator with the will annexed of the estate of John Haggerty, deceased. He had paid $240, the auctioneer's fees, and 10 per cent. upon the price of $32,400, and applied to the defendant to loan him the money to pay the down payment of $15,000, and to take the title as security for the loan, subject to a mortgage to be given upon the land for the residue of the purchase price. He was the only witness testifying upon these subjects during the trial. And he testified further that the defendant agreed to loan the money upon the terms that he should be paid $1,250 for it for the first six months, and the same amount for the second six months, if he had the use of it for one year. Before the money was advanced, the parties met at the office of the defendant's counsel, who informed them that these terms were usurious. And the business was intrusted to him and the plaintiff's counsel, to place it in a condition to avoid this objection. And a written instrument was then drawn which was considered to have that effect, by which the plaintiff in terms sold the lots, with the house standing upon them, and the contract for their purchase, to the defendant, for the sum of $34,440, and the defendant agreed to give the bond and mortgage required by the contract with Smith for $19,440, and to advance $11,500 in cash, to make, with the

sum of $3,500 paid by the plaintiff, the cash payment of $15,000. The defendant by one of the instruments agreed, at the expiration of six months, to sell and convey the same property to the plaintiff, subject to the mortgage, to be, and which in fact was, given to Smith, for the price of $35,690, including that mortgage. The sum of $19,440 was to be satisfied by taking the property subject to the mortgage, and the residue paid in money on the delivery of the deed. The agreement also secured the option of another six months to the plaintiff, by the payment of a further amount of $1,250. These terms were modified by a further agreement made on the 17th of July, 1884, the next month, by which the plaintiff obligated himself to pay $36,940 for the property at any time, when he should buy it, during the year. On the 15th of July, 1885, a deed, executed by the defendant, conveying the property to the plaintiff, was offered to him, but he refused to receive it, for the reason that it would make him assume the mortgage given by the defendant to Smith, instead of being made subject to that mortgage, as it was agreed in the agreement it should be; and on the same day there was tendered on behalf of the plaintiff to the agent of the defendant having the deed a certified check for the sum of $16,346, which he refused to accept, but not for the reason that it was a check. The defendant afterwards instituted summary proceedings to remove the plaintiff from the possession of the land, which possession he became entitled to by the agreement for the nominal sum of one dollar; and the plaintiff brought this action to restrain the prosecution of the proceedings, and to obtain a conveyance of the land from the defendant, alleging in support of it that the loan was avoided by the statute for usury. At the close of the plaintiff's evidence, and without proof having been given on behalf of the defendant, and without any formal submission of the case, the defendant moved for a dismissal of the complaint; and it was thereupon dismissed by the court, to which the plaintiff excepted.

In giving his evidence as a witness, the plaintiff testified that the object of entering into the written agreements was to avoid the effect of the law forbidding the taking of usury; that the loan was still to be made for him; and that the defendant should receive the same amount for the use of the money, being $1,250 for six months, and $2,500 for one year. This evidence tended to prove that the transaction was to be, and was, a loan; and this received some corroboration from the evidence of the witness Wheaton, who stated that the defendant at one time was at the property, and said that he felt a little interest in it, for he had made a loan on it to Mr. Babcock. The plaintiff had become bound by the agreement to, and he did, make repairs upon the dwelling on the land, and he paid two installments of interest on the mortgage for two periods of six months. The case was not, therefore, so devoid of evidence as to present no question of fact to be decided by the court; but the question was directly brought up, whether this was not a usurious loan. That was what the parties were in treaty for, and the defendant himself was satisfied that it should have that form, until he was advised that it would be usurious, and then it was changed, in form at least, into a sale and contract of purchase; but that was the only change, for the same amounts were reserved to the defendant, and the same time allowed to the plaintiff, and the amount to be advanced remained the same. Upon this evidence, the court might very well have concluded, as a matter of fact, as the plaintiff testified it was, that a loan only was intended, but to be so disguised as to evade and avoid the statutory consequence. The fact that the residue of the money, being the sum of $11,500, was to be paid directly to the vendor of the property, without going through the hands of the plaintiff, did not divest it of the attribute of a loan. And so it has been considered by the adjudged cases. *Stoddard* v. *Whiting*, 46 N. Y. 627; *Fullerton* v. *McCurdy*, 55 N. Y. 637. But in the last of these cases the plaintiff failed, for the reason that it was found as a fact that there had been no loan. *Carr* v. *Carr*, 52 N. Y. 261, and

*Horn* v. *Keteltas*, 46 N. Y. 605, are in strict harmony with this view. And the absence of a direct stipulation to repay the money as a loan is by no means conclusive that it was not a loan. Id. 611. But in this case the evidence of the plaintiff is that it was a loan throughout, the form of making it alone being changed by the written instruments. It is true that clear and convincing evidence is necessary to deprive deliberate writings executed by the parties of their apparent effect. *Nevius* v. *Dunlap*, 33 N. Y. 676, 680; *Erwin* v. *Curtis*, 43 Hun, 292; *Cadman* v. *Peter*, 118 U. S. 73, 6 Sup. Ct. Rep. 957. And it is equally so that the plaintiff, being the interested party, was not positively entitled to have his statements accepted as the truth by the court. But he was still entitled to have the case, depending as it did on his evidence, considered and weighed by the court, which might accept it as sufficiently proved to entitle him to maintain the action, although it was in conflict with the language of the writings themselves. But that was not accorded to him, for it was dismissed on account of the insufficiency of the evidence, assuming it to have been correctly given. That this is the effect of such a dismissal, which can rarely be justified in an equity case, as nonsuits were only sanctioned by the practice in actions at law, was held in *Scofield* v. *Hernandez*, 47 N. Y. 313, and *Place* v. *Hayward*, 117 N. Y. 487, 23 N. E. Rep. 25; and it has been there held that no other finding of facts can afterwards be made than such as will present the grounds of the dismissal, and they were that the inferences supported by the evidence would not sustain the action. For that reason, the findings that there was no usurious or other loan, and no intent existed to evade the statute against usury, cannot now be acted upon as important; for, by the dismissal, it was necessarily held that the evidence was too defective and inconclusive to be considered. And if it was not wholly unreliable, then the court should have examined and weighed it to ascertain its proper effect in the way of maintaining the action. That it rested upon a harsh statute did not deprive the plaintiff of this right, and in the disposition of the appeal he is entitled to the benefit of all just inferences which the evidence given would have afforded. If the court had considered it, instead of dismissing the complaint when the plaintiff rested, it might have concluded that the testimony of the plaintiff was truthful, and the action could therefore be maintained. That consideration might in the end have also been adverse to him; but he was entitled to the benefit of whatever advantage might have resulted from these chances. That benefit he has not had, and the judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event. All concur.